IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| HENRY LEE MCCOLLUM and LEON BROWN, ) | |
| ) | Docket # 5:15-CV-451-BO |
| *Plaintiffs*, ) | |
| -versus- ) | |
| ) | |
| ROBESON COUNTY, TOWN OF RED SPRINGS, ) | |
| KENNETH SEALEY, both individually and in his ) | |
| official capacity as the Sheriff of Robeson County, ) | |
| KENNETH SNEAD, JOEL GARTH LOCKLEAR, ) | |
| LARRY FLOYD, LEROY ALLEN, ESTATE OF ) | |
| LUTHER HAGGINS, GERALDINE BRITT HAGGINS, ) | |
| as adminstratrix/executrix of the Estate of Luther Haggins, ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUBSTITUTION

### BACKGROUND

This case involves the systematic violation of Plaintiff Henry Lee McCullum's and Plaintiff Leon Brown's ("Mr. Brown") fundamental Constitutional rights by these Defendants. These violations include Defendants withholding exculpatory evidence from the prosecutor attorney, Plaintiffs' defense counsel, and the Court; fabricating inculpatory evidence, and coercing Plaintiffs to sign false confessions. Mr. Brown was fifteen (15) years of age at the time and has been diagnosed as mentally retarded.

As a result of these violations, Plaintiffs were wrongfully convicted of rape and murder and incarcerated for approximately thirty-one (31) years, the majority of which was spent on death row. During this period of incarceration, Plaintiffs suffered many physical and mental abuses.

Plaintiffs filed a Complaint in this Court for the violations of their Constitutional rights pursuant to 42 U.S.C. § 1983 on August 31, 2015. On September 1, 2015, a hearing on Mr. Brown's competency was held before the Clerk of Superior Clerk of Cumberland County, North

Carolina ("Clerk") pursuant to N.C.G.S § 35A-1112.  At the hearing, the Clerk found by clear, cogent, and convincing evidence that Mr. Brown was incompetent and, accordingly, adjudicated him such.  A copy of the Clerk's Order adjudicating Mr. Brown incompetent and ordering a guardian be appointed is attached to this Memorandum as **Exhibit 1.**

Following the hearing in which Mr. Brown was adjudicated incompetent, a subsequent hearing on the Application of Geraldine Brown Ransom ("Mrs. Ransom"), Mr. Brown's sister, for Appointment as Guardian of Mr. Brown was held before the Clerk pursuant to N.C.G.S § 35A-1212.  After diligent inquiry, the Clerk found that it was in the best interest of Mr. Brown that Mrs. Ransom serve as his general guardian.  A copy of the Clerk's Order appointing Mrs. Ransom as General Guardian of Mr. Brown is attached to this Memorandum as **Exhibit 2**.  Subsequent to being appointed as General Guardian of Mr. Brown, Mrs. Ransom qualified to serve as his guardian and Letters of Appointment were issued to her.  A copy of the Letters of Appointment are attached to this Memorandum as **Exhibit 3**.

## MOTION TO SUBSTITUTE

*STANDARD*

Pursuant to Rule 25(b) of the Federal Rules of Civil Procedure, "[i]f a party becomes incompetent, the court may, on motion, permit the action to be continued by or against the party's representative." Fed. R. Civ. P. 25(b).  It is well settled that the incompetency must arise during the pendency of an action.  See e.g. Kuelbs v. Hill, 615 F.3d 1037, 1042 (8th Cir. 2010).  It is within the discretion of the court whether to allow the substitution of a party during pending litigation.  See Bah v. Washington Metro Transit Authority, 2015 WL 6460082 at *2 (D. Md. Oct. 23, 2015)(citing Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distribution Co., 748 F.2d 602, 610 (11th Cir. 1984)).

Under Rule 17(a) of the Federal Rules of Civil Procedure, "an action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). If an individual is incompetent and has a representative, Fed. R. Civ. P. 17(c)(1) permits a general guardian to sue on behalf of such incompetent person. Fed. R. Civ. P. 17(c)(1)(a); see also Local Civil Rule 17.1(a) (E.D.N.C.). The competency of an individual who is not pursuing an action in a representative capacity is determined by laws of the individual's domicile. Fed. R. Civ. P. 17(b)(1).

The procedure for substituting a party upon that party becoming incompetent after the action has arisen is set forth by reading these rules in conjunction with each other. First, whether a party has the capacity to proceed is determined by the law of that party's domicile. If the party is determined to be incompetent under those laws and that party has a properly appointed guardian, such guardian becomes the real party in interest. Since the guardian has become the real party in interest and an action must be prosecuted in the name of a real party in interest, a motion to substitute the guardian for party who is incompetent must be made.

## *APPLICATION*

In this present matter, subsequent to Mr. Brown filing this matter in this Court, he was adjudicated incompetent by the Clerk of Superior Court for Cumberland County, North Carolina. Mr. Brown is domiciled in Cumberland County, North Carolina and adjudicated incompetent pursuant to the North Carolina General Statutes. When Mr. Brown was adjudicated incompetent, he no longer had the capacity to prosecute his case and ceased to be the real party in interest. Upon her appointment as general guardian, Mrs. Ransom became the real party in interest. In her capacity as General Guardian of Mr. Brown, Mrs. Ransom believes it is in the best interest of Mr. Brown to continue this action. Accordingly, Mrs. Ransom as the real party in interest should be substituted for Mr. Brown as Plaintiff in this matter.

## CONCLUSION

As Mr. Brown was adjudicated incompetent, and Mrs. Ransom appointed as his General Guardian, Mrs. Ransom, in her representative capacity, is now the real party in interest. Accordingly, Mrs. Ransom as General Guardian of Mr. Brown should be substituted as Plaintiff pursuant to Fed. R. Civ. P. 25(b).

Dated: November 23, 2015 	 Respectfully Submitted,

*/s/ Patrick Michael Megaro, Esq.*
Patrick Michael Megaro, Esq.
Halscott Megaro, P.A.
33 East Robinson Street, Suite 220
Orlando, Florida 32801
(o) 407-255-2165
(f) 855-224-1671
pmegaro@halscottmegaro.com
Florida Bar ID# 738913
New Jersey Bar ID# 3634-2002
New York Bar ID# 4094983
North Carolina Bar ID# 46770
Texas Bar ID # 24091024
Washington State Bar ID # 50050
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 23, 2015, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court and served upon counsel for Defendants via CM/ECF.

Bradley O. Wood, Esq.
Womble Carlyle Sandridge & Rice, LLP
One West Fourth Street
Winston-Salem NC 27101

James R. Morgan, Jr., Esq.
Womble Carlyle Sandridge & Rice, LLP
One West Fourth Street
Winston-Salem NC 27101

Hal F. Askins, Esq.
NC Department of Justice
PO Box 629
Raleigh NC 27602

Jennifer Joy Strickland, Esq.
NC Department of Justice
PO Box 629
Raleigh NC 27602

Garris Neil Yarborough, Esq.
Yarborough, Winters & Neville, P.A.
P.O. Box 705
Fayetteville, North Carolina 28302

Timothy C. Smith, Esq.,
Yarborough, Winters & Neville, P.A.
P.O. Box 705
Fayetteville, North Carolina 28302

Joel Garth Locklear
402 Breece Street
Pembroke, North Carolina 28412
**VIA UNITED STATES MAIL**

Sarah A. Locklear
402 Breece Street
Pembroke, North Carolina 28412
**VIA UNITED STATES MAIL**

Geraldine Brown Ransom
1847 Rockrose Drive
Fayetteville, North Carolina 28302
**VIA UNITED STATES MAIL**

                                               */s/ Patrick Michael Megaro, Esq*
                                               Patrick Michael Megaro, Esq.