IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-451-BO

| | |
|---|---|
| HENRY LEE MCCOLLUM and GERALDINE BROWN RANSOM, on behalf of and as legal guardian of LEON BROWN, Plaintiffs, <br><br> v. <br><br> KENNETH SNEAD and LEROY ALLEN, et al., Defendants. | ORDER |

This matter is before the Court on defendants Kenneth Snead and Leroy Allen's Motion to Dismiss Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [DE 72]. Plaintiffs' amended complaint includes several claims pursuant to 42 U.S.C. § 1983 against Snead and Allen. [DE 70]. For the following reasons, defendants' motion is DENIED.

## BACKGROUND

Plaintiffs Henry Lee McCollum and Leon Brown spent 30 years, 11 months, and 7 days in prison after being wrongfully convicted and sentenced to death for the rape and murder of 11-year Sabrina Buie. DNA testing conducted years after their convictions proved that they actually innocent of raping and murdering Sabrina Buie. Both plaintiffs received pardons of innocence from Governor Pat McCrory of North Carolina.

Defendants Snead and Allen were law enforcement agents employed by the North Carolina State Bureau of Investigation working on a joint task force with the Robeson County Sheriff and the Town of Red Springs Police Department at the time of the events precipitating the instant suit.

Plaintiffs filed the initial complaint in this action on August 31, 2015. Plaintiffs filed an amended complaint on March 24, 2016, which seeks relief pursuant to 42 U.S.C. § 1983 against Robeson County, North Carolina, the Town of Red Springs, North Carolina, as well as several law enforcement officers who were involved in the case. Defendant Robeson County now moves to dismiss the claim against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *See Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Defendants Snead and Allen move to dismiss each claim plaintiffs have brought against them. The Court will address each argument in turn.

First, defendants argue any claims brought against them in their official capacities are barred by the Eleventh Amendment to the United States Constitution. As plaintiffs have asserted, and the filings in the case similarly indicate, the claims against Snead and Allen are brought in their individual capacities, so the Eleventh Amendment argument is of no moment.

Plaintiffs' first cause of action against Snead and Allen is a § 1983 claim for false arrest. The parties agree that false arrest falls under the umbrella of false imprisonment, which, in North

2

Case 5:15-cv-00451-BO   Document 83   Filed 05/27/16   Page 2 of 5

Carolina, is the unlawful restraint of a person without consent. *Wallace v. Kato*, 549 U.S. 384, 389 (2007); *Turner v. Thomas*, 762 S.E.2d 252, 265–66 (N.C. Ct. App. 2014). Viewing the complaint in a light most favorable to plaintiffs and bearing in mind the standard for dismissal under Rule 12(b)(6), the Court finds that plaintiffs have stated a plausible claim upon which relief can be granted for false arrest.

As to defendants' claim that plaintiffs' false arrest claim is time-barred under the statute of limitations, the Court finds that, at the very least, plaintiffs' claim is properly subject to equitable tolling, so this argument does not carry the day. *See Aikens v. Ingram*, 524 Fed. Appx. 873, 880 (4th Cir. 2013). The Court finds that defendants have been on notice of plaintiffs' claims since their trials, appeals, and motions for appropriate relief. The Court also finds that defendants' ability to gather evidence has not been prejudiced as, as discussed above, they have been on notice and have been in custody of the pertinent evidence since plaintiffs' arrests. Finally, the Court finds without hesitation that plaintiffs are acting reasonably and in good faith; plaintiffs' filing this action within three months of receiving their gubernatorial pardons is a strong indicator of this good faith and diligence. For all these reasons, the motion to dismiss the false arrest claim is denied.

Plaintiffs' second cause of action against Snead and Allen is a § 1983 claim for due process violations related to failing to disclose exculpatory evidence and giving perjurious testimony, among other allegations. The Court notes that the parties do not agree on the elements of these underlying offenses but when, as here, a 12(b)(6) motion to dismiss tests "the sufficiency of a civil rights complaint, 'we must be especially solicitous of the wrongs alleged' and 'must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts

3

alleged.'" *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) (quoting *Harrison v. U.S. Postal Serv.*, 840 F.2d 1149, 1152 (4th Cir. 1988)). The Court finds that defendants have not presently demonstrated that plaintiffs would not be entitled to relief under any legal theory plausibly suggested by the facts alleged. Accordingly, viewing the complaint in a light most favorable to plaintiffs and bearing in mind the standard for dismissal under Rule 12(b)(6), the Court finds that plaintiffs have stated a plausible claim for which relief can be granted for due process violations, so the motion to dismiss this claim is presently denied.

Plaintiffs' third cause of action against Snead and Allen is a § 1983 claim for malicious prosecution. The parties again disagree over the precise elements of a malicious prosecution claim but agree that it involves the wrongful initiation of legal process against plaintiffs without probable cause and with proceedings terminating in plaintiffs' favor. *See Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012); *see also Turner v. Thomas*, 762 S.E.2d 252, 255 (N.C. Ct. App. 2014). Considering the principles in *Edwards, supra*, viewing the complaint in a light most favorable to plaintiffs, and bearing in mind the standard for dismissal under Rule 12(b)(6), the Court finds that plaintiffs have stated a plausible claim upon which relief can be granted for malicious prosecution, so the motion to dismiss this claim is presently DENIED.

Defendants also claim plaintiffs are barred by *res judicata*, arguing that the North Carolina appellate courts have already decided the issue of coerced confession against plaintiffs. As defendants state,

> [a] party seeking to rely on the doctrine of collateral estoppel is obliged to establish five elements: (1) that 'the issue sought to be precluded is identical to one previously litigated' ('element one'); (2) that the issue was actually determined in the prior proceeding ('element two'); (3) that the issue's determination was 'a critical and necessary part of the decision in the prior proceeding' ('element three'); (4) that the prior judgment is final and valid ('element four'); and (5) that the party against whom collateral estoppel is asserted 'had a full and fair opportunity to litigate the issue in the previous forum' ('element five').

4

*Collins v. Pond Creek Mining Co.*, 468 F.3d 213, 217 (4th Cir. 2006). The Court finds that this argument fails on multiple elements, including one and five. Now that the state has conclusively decided on another party's guilt in the crimes for which defendants were convicted, which necessarily means that the confessions at issue were false, the Court cannot find that the issue being litigated now is identical to the one that was litigated in state court, nor that plaintiffs had a full and fair opportunity to litigate the issue in state court. Accordingly, defendants' *res judicata* argument fails.

## CONCLUSION

For the reasons discussed above, defendants' motion to dismiss is DENIED. [DE 72]. Defendants' motion to dismiss plaintiffs' original complaint is DENIED AS MOOT. [DE 53].

SO ORDERED, this 27 day of May, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE