IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-451-BO

| | |
|---|---|
| HENRY LEE MCCOLLUM and ) | |
| GERALDINE BROWN RANSOM, on behalf of ) | |
| and as legal guardian of LEON BROWN, ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| ROBESON COUNTY, et al., ) | |
| Defendants. ) | |

This matter is before the Court on defendant Robeson County's Motion to Dismiss Plaintiffs' First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs' amended complaint includes a claim against Robeson County for "Municipal Liability Pursuant to 42 U.S.C. § 1983." [DE 70]. For the following reasons, defendant's motion to dismiss is GRANTED. [DE 74].

## BACKGROUND

Plaintiffs Henry Lee McCollum and Leon Brown spent 30 years, 11 months, and 7 days in prison after being wrongfully convicted and sentenced to death for the rape and murder of 11-year Sabrina Buie. DNA testing conducted years after their convictions proved that they actually innocent of raping and murdering Sabrina Buie. Both plaintiffs received pardons of innocence from Governor Pat McCrory of North Carolina.

Plaintiffs filed the initial complaint in this action on August 31, 2015. Plaintiffs filed an amended complaint on March 24, 2016, which seeks relief pursuant to 42 U.S.C. § 1983 against Robeson County, North Carolina, the Town of Red Springs, North Carolina, as well as several

law enforcement officers who were involved in the case. Defendant Robeson County now moves to dismiss the claim against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

ANALYSIS

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *See Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Defendant claims that, because Robeson County has no control or supervisory power over the operations of the Robeson County Sheriff or Sheriff's Department, it is not a proper party to this action. "A county may only be held liable for acts for which the county has final policymaking authority." *Worrell v. Bedsole*, 1997 WL 153830, *5 (4th Cir. Apr. 3, 1997) (internal quotation omitted). In North Carolina, the office of sheriff is a legal entity separate and distinct from the board of county commissioners in part because it is elected by the people, not hired by the county. *See id.* Furthermore, under North Carolina law, each sheriff "has the exclusive right to hire, discharge, and supervise the employees in his office." N.C. Gen. Stat. § 153A-103(1); *see also* N.C. Gen. Stat. § 162-24 (providing that a sheriff's authority may not be delegated to another person or entity).

2

Federal courts have dismissed numerous claims on this basis. *Worrell v. Bedsole*, 1997 WL 153830, *5-6 (4th Cir. Apr. 3, 1997) ("Bledsoe's final policy-making authority over his personnel decisions in the Sheriff's Department is his alone and is not attributable to Cumberland County.") (internal quotation marks omitted); *Parker v. Bladen County*, 583 F.Supp.2d 736, 739–40 (E.D.N.C. June 27, 2008) ("Thus, under North Carolina law, the sheriff, not the county encompassing his jurisdiction, has final policymaking authority. . ."); *Jackson v. County of Granville et al.*, No. 5:02-CV-899-BO(3) (E.D.N.C. March 4, 2003) ("The Court finds that Granville County has neither policymaking authority nor supervisory control over the employees of the Granville County Sheriff's Department.); *Merritt v. Beckham*, No. 5:94-CV-462-BO(3) (E.D.N.C. Mar. 8, 1995) ("Franklin County is not liable for the actions of the Sheriff or his Deputy. These officers are acting under state law and are not in the control of the county.").

For all these reasons, the Court finds that Robeson County has neither policymaking authority nor supervisory control over the employees of the Robeson County Sheriff's Department. Accordingly, plaintiffs' claims against Robeson County must be dismissed.

## CONCLUSION

For the reasons discussed above, defendant's motion to dismiss is GRANTED. [DE 74]. Defendant's motion to dismiss plaintiffs' original complaint is DENIED AS MOOT. [DE 45].

SO ORDERED, this 27 day of May, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3

Case 5:15-cv-00451-BO   Document 84   Filed 05/27/16   Page 3 of 3