IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-451-BO

| | | |
|---|---|---|
| HENRY LEE MCCOLLUM and J. DUANE GILLIAM, as guardian of the estate of LEON BROWN, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | O R D E R |
| TOWN OF RED SPRINGS, *et al.* | ) ) | |
| Defendants. | ) ) | |

This matter comes before the Court following a hearing before the undersigned held May 5, 2017, at Raleigh, North Carolina, at which all parties and their counsel appeared. Now pending before the Court are a number of motions to file documents under seal. [DE 151, 156, 162, 168, 176, 179, 181, 186]. The majority of these motions reference the consent protective order denominating as confidential the Innocence Inquiry Commission files as justification for filing motions, including motions for summary judgment, supporting memoranda, and exhibits under seal. [DE 122].

"The common law presumes a right to inspect and copy judicial records and documents." *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). Documents filed in connection with a summary judgment motion in a civil case are subject to a more rigorous First Amendment standard when determining whether to limit a right of access of the public to the document. *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Thus, a denial of access to these documents must serve an important governmental interest, and there must be "no less restrictive way to serve that governmental interest." *Id.*

In seeking to file documents under seal, the parties have extended their reliance on the consent protective order in this case too far, resulting in a docket on which a large number of documents are now provisionally sealed. In so doing, the parties have failed to comply with Local Civil Rule 79.2 and Section V(G) of the CM/ECF Policy Manual, which requires parties to specify the exact document or item, or portions thereof, requested to be sealed, how such request overcomes the presumption of access, and the reasons why alternatives to sealing are inadequate. For these reasons, the motions to seal are DENIED. Any party may, within ten (10) days of the date of entry of this order, identify specific documents or portions thereof which they request to be sealed and provide justification for so doing beyond the consent protective order entered in this case.

## CONCLUSION

For the foregoing reasons and failure to demonstrate cause, the pending motions to seal [DE 151, 156, 162, 168, 176, 179, 181, 186] are DENIED.

SO ORDERED, this 5 day of May, 2017.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE