IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-451-BO

RAYMOND TARLTON, as guardian ad litem for )
HENRY LEE MCCOLLUM, *et al.*, )
)
         Plaintiffs, )
)
v. )     O R D E R
)
KENNETH SEALEY, both individually and in his )
offical capacity as Sheriff of Robeson County, )
*et al.*, )
)
         Defendants. )

This cause comes before the Court on plaintiffs' motion to amend scheduling order and for leave to disclose substitute experts. [DE 312]. Defendants oppose plaintiffs' motion. [DE 318 & 319]. Also pending is a motion filed by defendant Sealey in limine and for reconsideration of the Court's order denying defendant Sealey's motion for summary judgment as to plaintiffs' *Monell* claim against him in his official capacity. [DE 316]. Plaintiffs oppose reconsideration of the Court's order. [DE 321]. For the reasons that follow, the motion to amend and for leave is granted and the motion in limine and for reconsideration is denied.

DISCUSSION

The Court again presumes familiarity with the procedural history and factual background of this matter.

I.     Motion to amend scheduling order and for leave to disclose substitute experts.

The time for plaintiffs to disclose their experts has long expired under the Court's scheduling orders. *See* [DE 63; 86; 99]. Fed. R. Civ. P. 16(b)(4) provides that a scheduling order

may be modified only for good cause and with the consent of the Court. "Good cause requires the party seeking relief to show that the deadlines cannot reasonably be met despite the party's diligence, and whatever other factors are also considered, the good-cause standard will not be satisfied if the district court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule." *Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012) (internal quotations, alterations, and citation omitted).

Current counsel for plaintiffs did not appear in this action until well past the expert deadlines for plaintiffs. Moreover, current counsel for plaintiffs was permitted to appear after plaintiffs, through their guardians and with the opposition of their original counsel, sought leave for substitute counsel to appear on their behalf. [DE 278; 280; 290; 291]. After allowing plaintiffs to substitute their counsel, the case was stayed in light of the interlocutory appeal by defendants of the Court's order denying their motions for summary judgment. [DE 291]. The Fourth Circuit's mandate issued on September 4, 2019. [DE 303]. Five days later, defendants Price and Sealey moved to stay all proceedings in light of their anticipated petition for certiorari. [DE 305]. This Court denied that motion to stay by order entered October 1, 2019, and referred this matter for pretrial conference. Plaintiffs filed the instant motion on October 11, 2019.

In other words, this case has been stayed essentially since the day that substitute counsel for plaintiffs was permitted to appear; plaintiffs filed the instant motion ten days after the Court denied a motion for further stay filed by defendants Price and Sealey. The Court discerns no lack of diligence by counsel for plaintiffs in filing this motion. The unique circumstances of this case further support a finding of good cause on behalf of plaintiffs' counsel in seeking to modify the expert deadlines in order to disclose new experts. Under different circumstances, the choice by a party to retain new counsel might not support a finding of good cause to modify the scheduling

2

order, especially at a late stage in the proceeding. *See, e.g., Chamberlain Grp., Inc. v. Interlogix, Inc.*, No. 01 C 6157, 2002 WL 653893, at *5 (N.D. Ill. Apr. 19, 2002). This is not a typical case, however, where a party elects to retain new counsel. The Court need not delve into particulars, but it is persuaded that plaintiffs should be permitted to designate additional experts in preparation for trial in light of the facts and circumstances surrounding their prior counsel's removal from this case. Plaintiffs' motion is therefore granted.

II. Motion in limine and motion for reconsideration

Defendant Kenneth Sealey asks the Court to reconsider its denial of summary judgment in his favor on plaintiffs' claim against him in his official capacity under *Monell*. Rule 54(b) of the Federal Rules of Civil Procedure provides that a court may revise any order entered prior to entry of final judgment. The decision to do so lies within the discretion of the court, which is not bound by the strict standards applicable to requests to reconsider final judgment, but which should be guided by the principles of the doctrine of law of the case. *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003). "Thus, a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017).

In allowing plaintiff's *Monell* claim to proceed to trial, the Court relied upon evidence in the record, specifically defendant Sealey's testimony, that from 1983 through 1994 or 1995, the Robeson County Sheriff's Office did not have any policies in place, and specifically did not have any policy regarding how to conduct an interview or interrogation of a person with low IQ or mental disability. [DE 260 at 28]. The Court held that, if the jury concludes that plaintiffs' constitutional rights were violated, the jury could also reasonably conclude that the Robeson

3

County Sheriff's Office's failure to train its deputies resulted in its acting with deliberate indifference to the rights of its citizens. *See Lytle v. Doyle*, 36 F. 3d 463, 471 (4th Cir. 2003).

Sealey cites to no new evidence nor any change in applicable law in support of his motion for reconsideration. Rather, he contends he would suffer manifest injustice if the Court's prior holding is allowed to stand because he did not have sufficient opportunity to make arguments against the theory of liability that the Court relied upon. This argument is without merit. The evidence in the record upon which the Court relied was Sealey's own testimony. Sealey cannot now argue that it would be manifestly unjust for the Court to rely on his testimony in support of a result he finds contrary to his interests.

Additionally, Sealey has failed to demonstrate that the Court's holding was a clear legal error. Sealey has not cited a controlling decision which would require this Court to grant summary judgment in his favor on plaintiffs' *Monell* claim based upon these facts and this record. Sealey has not persuaded the Court that its permitting plaintiffs' *Monell* claim to go to the jury was "dead wrong," or that's its decision should "strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (quoting *Bellsouth Telesensor v. Info Sys. & Networks Corp.*, 1995 WL 520978, *5 n. 6 (4th Cir. 1995)). There is no basis upon which to revisit the Court's holding on summary judgment. Sealey's motion in limine is denied.

## CONCLUSION

Plaintiffs' motion to amend the scheduling order and for leave to disclose substitute experts [DE 312] is GRANTED. Plaintiffs shall disclose their substitute experts within sixty days from the date of entry of this order. Defendants shall have sixty days to disclose any rebuttal experts. Defendant Sealey's motion in limine and motion for reconsideration [DE 316] is DENIED.

4

The jury trial in this matter shall commence during a late June 2020 term of court; the specific date, time, and location will be set by separate notice. Any discovery practice related to plaintiffs' newly designated experts shall conform to the late June trial setting.

SO ORDERED, this 21 day of January, 2020.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE