IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-451-BO

RAYMOND TARLTON, as guardian ad litem for )
HENRY LEE MCCOLLUM, *et al.*, )
)
)
Plaintiffs, )
)
v. ) ORDER
)
KENNETH SEALEY, both individually and in his )
official capacity as Sheriff of Robeson County, )
*et al.*, )
)
Defendants. )

This cause comes before the Court on plaintiffs' motion *in limine* to take judicial notice of, or in the alternative admit, the pardons of innocence granted to Henry McCollum and Leon Brown by Governor Pat McCrory, and to bar defendants from falsely suggesting that those pardons were procured by fraud. Also before the Court is defendants' motion *in limine* to preclude evidence of the pardons of innocence granted to Henry McCollum and Leon Brown by Governor Pat McCrory or, in the alternative, bar the mention or admission of the pardons of innocence until Governor McCrory testifies. The appropriate responses and replies have been filed and a hearing on the matters was held before the undersigned on March 17, 2021, at Elizabeth City, North Carolina. In this posture, the matters are ripe for ruling. For the reasons that follow, plaintiffs' motion is granted and defendants' motion is denied.

## DISCUSSION

The Court again presumes familiarity with the procedural history and factual background of this matter.

Plaintiffs ask this Court to either take judicial notice of their pardons of innocence or allow them to be admitted into evidence, and further to bar defendants from introducing any testimony regarding their unfounded allegations that the pardons were procured by fraud.

The Constitution of the State of North Carolina vests the pardon power in the state's governor. *See* N.C. Const., art. III, § 5(6); *see also* N.C. Gen. Stat. § 147-21. The governor may grant an unconditional or conditional pardon, and upon the issuance of a pardon the appropriate sheriff shall serve the pardon on the clerk of court for filing. N.C. Gen. Stat. §§ 147-22; 25. On June 5, 2015, Governor Pat McCrory issued pardons of innocence to plaintiffs Henry McCollum and Leon Brown. [DE 350-4]. The pardons were affixed with the Seal of the State of North Carolina and delivered to the Sheriff of Robeson County for service on the Clerk of Court of Robeson County. *Id.* The Clerk of Court filed the pardons of innocence on June 10, 2015. *Id.*

Rule 201 of the Federal Rules of Evidence permits a court to

> judicially notice a fact that is not subject to reasonable dispute because it:
> (1) is generally known within the trial court's territorial jurisdiction; or
> (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Fed. R. Evid. 201(b).

There is no genuine dispute that the pardons of innocence are facts generally known within this Court's territorial jurisdiction or that the fact of their issuance can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Defendants arguments against taking judicial notice of the pardons of innocence are unavailing.

2

First, defendants argue that the Court may not take judicial notice of the pardons of innocence because they are irrelevant under Federal Rule of Evidence 401 and are not conclusive of innocence. Relevant evidence is that which has "any tendency to make a fact more or less probable than it would be without the evidence . . . and . . . is of consequence in determining the action." Fed. R. Evid. 401(a);(b). "Relevance is typically a low bar to the admissibility of evidence . . . ." *Jones v. Ford Motor Co.*, 204 F. App'x 280, 283 (4th Cir. 2006). The pardons of innocence are as relevant to this action as the criminal judgments of conviction under which McCollum and Brown were sentenced. This argument fails.

Next, defendants argue that the pardons of innocence are inadmissible unless Governor McCrory testifies about the reasons the pardons were issued and the documents upon which he relied. The pardons of innocence bear the Seal of the State of North Carolina, the governor's signature, and have been filed with the Clerk of Court of Robeson County. Defendants do not challenge the authenticity of the documents. The pardons of innocence speak for themselves and are properly the subject of judicial notice. Defendants' concern about prejudice in the absence of Governor McCrory's testimony is also misplaced. As discussed above, the pardons of innocence are equally as relevant to this case as the judgments of conviction. Any concern about prejudice or confusion of the issues can be addressed in the jury's instructions. *Patrick v. City of Chicago*, 974 F.3d 824, 833 (7th Cir. 2020).

Finally, defendants argue that the pardons of innocence were obtained by fraud and that they should not be prevented from presenting such evidence as it is relevant to a valid defense. Defendants contend that the MAR court's ruling in favor of plaintiffs was procured by fraud because key relevant facts were withheld from the MAR court. Defendants argue that the pardons

3

of innocence, which on their face demonstrate that the governor relied upon the MAR court's ruling in issuing them, were thus obtained or procured by the suppression of truth.

First, this Court is not the proper forum to challenge the MAR order, and the Court will not permit defendants to use the trial in this matter to do so. Moreover, contrary to defendants' arguments, plaintiffs' submission of the declaration of former District Attorney Luther Johnson Britt III demonstrates that Governor McCrory and his office were provided with the entire North Carolina Innocence Inquiry Commission file, which included the trial transcripts, as well as all case files related to Henry McCollum and Leon Brown that District Attorney Britt had in his possession. Britt Decl. ¶¶ 3-4. The Governor's Office further ordered the North Carolina State Bureau of Investigation to reinvestigate the matter to assist the governor in his consideration of plaintiffs' applications for pardons of innocence. *Id.* ¶ 5.[1] Governor McCrory's statement, presented in plaintiffs' brief at [DE 355 at 2], indicates that the pardons of innocence were issued after thorough review of the available evidence by the Office of Executive Clemency, the governor's legal team, the clemency committee, and the governor himself. In sum, defendants have failed to present any credible argument or evidence that the pardons of innocence were fraudulently obtained. On this record, defendants will not be permitted to present such argument at trial.

Defendants do not challenge the authenticity of the pardon of innocence documents and the Court will take judicial notice of them. Because the Court will take judicial notice of the pardons of innocence, defendants' motion to preclude them as evidence or in the alternative bar their mention or admission until Governor McCrory testifies is necessarily denied.

---

[1] A copy of the State Bureau of Investigation's reinvestigation report has been filed as a proposed sealed document. The Court will grant the motion to seal.

4

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiffs' motion *in limine* [DE 350] is GRANTED and defendants' motion *in limine* [DE 354] is DENIED. The Court takes judicial notice of the pardons of innocence of plaintiffs Henry McCollum and Leon Brown pursuant to Rule 201 of the Federal Rules of Evidence. Plaintiffs' motion to seal [DE 352] is GRANTED.

SO ORDERED, this ___ day of March, 2021.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE