IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-451-BO

RAYMOND TARLTON, as guardian ad litem for )
HENRY LEE MCCOLLUM, *et al.*, )
)
        Plaintiffs, )
)
v. )    O R D E R
)
KENNETH SEALEY, both individually and in his )
official capacity as Sheriff of Robeson County, )
*et al.*, )
)
        Defendants. )

This cause comes before the Court on defendants' motion to sever the trials and claims of plaintiffs Henry McCollum and Leon Brown and motion *in limine* to exclude criticism of pre-seizure investigative steps. The time for responding to the motions has expired and they are ripe for ruling. The Court considers each motion in turn.

I.    Motion to sever the trials and claims of plaintiffs

Defendants request an order severing into two lawsuits the claims of Henry McCollum and Leon Brown pursuant to Rules 20 and 21 of the Federal Rules of Civil Procedure. Alternatively, defendants request that the claims of each plaintiff be severed for trial pursuant to Rule 42(b) of the Federal Rules of Civil Procedure.

Under Rule 20,

> Persons may join in one action as plaintiffs if:
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1). A court may also sever any claim against a party. Fed. R. Civ. P. 21.

A court may order separate trials of issues or claims "[f]or convenience, to avoid prejudice, or to expedite and economize". Fed. R. Civ. P. 42(b). A court may further order separate trials to protect any party from embarrassment, delay, expense, or other prejudice. Fed. R. Civ. P. 20(b). In deciding whether to order separate trials,

> [t]he critical question for the [] court [is] whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982), *on reh'g*, 712 F.2d 899 (4th Cir. 1983).

Both of defendants' requests are denied. Plaintiffs are properly joined in this matter as their claims arise out of the same transaction, occurrence, or series of transactions or occurrences, specifically the investigation of the murder of Sabrina Buie, and common questions of law and fact have arisen, including an allegation of municipal liability. Fed. R. Civ. P. 20(a). In their motion, defendants appear to contend that all that is at issue in this case is what happened in two separate interrogation rooms on the night of September 28 and early morning of September 29, 1983. While what happened in their separate interview rooms may be at the heart of their claims, *Gilliam v. Sealey*, 932 F.3d 216, 222 (4th Cir. 2019), plaintiffs' claims do not end at the signing of their alleged confessions. Plaintiffs also allege that "to cover up [their] wrongdoing, [defendants] withheld in bad faith exculpatory evidence that demonstrated [plaintiffs'] innocence and buried pieces of specific evidence indicating that Artis -- and not Appellees -- raped and murdered Buie." *Id.* at 226. Plaintiffs are not two strangers whose claims arise from separate incidents; they are half-brothers, both selected to be interviewed by law enforcement within hours

2

of each other for the rape and murder of Sabrina Buie. Both contend that law enforcement officers coerced their confessions and later, acting in concert, violated their constitutional rights in order to cover-up the fact that their confessions had been coerced.

Any risk of prejudice or confusion is not overborn by the risk of inconsistent factual and legal determinations, and defendants have failed to demonstrate that, at this late stage of the proceedings and on the eve of trial, severance of plaintiffs' claims either under Rule 21 or for trial is appropriate or necessary. This motion is denied.

II.   Motion *in limine* to exclude criticism of pre-seizure investigative steps.

Defendants moved under Federal Rule of Evidence 403 for an order instructing plaintiffs and their counsel, and through them their witnesses, not to opine or in any manner convey to the jury, unless permission is first obtained from the Court outside the presence of the jury, that the investigative steps which led investigators to question plaintiff McCollum violated standard police procedure or otherwise violated McCollum's rights.

Rule 403 of the Federal Rules of Evidence permits a court to exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. Defendants are concerned with the opinion of Gregg McCrary, a retired FBI agent retained by plaintiffs, whose report states that defendants violated standard police practice when they brought McCollum in for questioning prior to conducting additional investigation into the case and the rumor that he was involved in the crime. Defendants contend that because the Fourth Amendment is only concerned with the deprivation of liberty, what happened prior to McCollum's seizure is irrelevant.

3

The Court disagrees. The actions of law enforcement leading up to their decision to question both McCollum and Brown are plainly relevant to understanding the circumstances within which their seizures occurred. Any potential for confusion or prejudice can be addressed in the Court's instructions to the jury. This motion is denied.

## CONCLUSION

For the foregoing reasons, defendants' motion to sever [DE 359] and motion *in limine* [DE 357] are DENIED.

SO ORDERED, this  15  day of April, 2021.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4