IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-451-BO

RAYMOND TARLTON, as guardian ad litem for )
HENRY LEE MCCOLLUM, *et al.*, )
)
     Plaintiffs, )
)
v. )    O R D E R
)
KENNETH SEALEY, both individually and in his )
official capacity as Sheriff of Robeson County, )
*et al.*, )
)
     Defendants. )

  This cause comes before the Court on a motion by defendants Kenneth Sealey and Robert E. Price, Administrator C.T.A. of the Estate of Joel Garth Locklear, Sr., for bifurcation of trial to try the issue of qualified immunity first, and for special interrogatories. Defendants Leroy Allen and Charlotte Noel Fox, Administrator of the Estate of Kenneth Snead, have moved to join the motion to bifurcate the trial so as to try the issue of qualified immunity first based upon special interrogatories. Plaintiffs have responded in opposition to the motion for bifurcation, defendants Sealey and Price have replied, and the matters are ripe for ruling. For the reasons that follow, the motion for bifurcation is granted in part and denied in part.

### BACKGROUND

> This case stems from the wrongful conviction of two brothers, both teenaged boys with severe intellectual disabilities, for the rape and murder of an 11 year old girl in 1983. Henry McCollum and Leon Brown . . . spent 31 years in prison and on death row before being exonerated based on DNA evidence linking another individual, a man who was known to officers at the time of the investigation, to the crime. Following their release from prison, [plaintiffs] brought this case pursuant to 42 U.S.C. § 1983 alleging that the state and county law enforcement officers investigating the crime violated their Fourth Amendment and due process rights.

*Gilliam v. Sealey*, 932 F.3d 216, 221–22 (4th Cir. 2019) (footnote omitted). This Court denied defendants' motion for summary judgment and its order was affirmed by the court of appeals. *Id.* The jury trial is currently set to commence on May 10, 2021.

DISCUSSION

At the outset, the Court GRANTS the motion by defendants Allen and Fox to join the motion for bifurcation.

Rule 42 of the Federal Rules of Civil Procedures provides that a court may order separate trials of one or more separate issues or claims for convenience, to avoid prejudice, or to expedite or economize. Fed. R. Civ. P. 42(b). The burden is on the party requesting separate trials to convince a court to allow them. *F & G Scrolling Mouse, L.L.C. v. IBM Corp.*, 190 F.R.D. 385, 387 (M.D.N.C. 1999). Whether to allow for separate trials on different issues is within the discretion of the trial judge. *Bowie v. Sorrell*, 209 F.2d 49, 51 (4th Cir. 1953).

Defendants have failed to satisfy their burden to show that bifurcation of the issues is appropriate in this case. Separate trials on qualified immunity and liability and damages would result in duplicative, inefficient, and lengthy trials should the facts not support a finding of qualified immunity. Witnesses presented during the qualified immunity phase would need to testify again during the liability and damages phase, resulting in both inconvenience and the risk of juror confusion. Defendants have further not shown they would suffer any prejudice by proceeding with one trial. Although defendants stress the importance of resolving the question of qualified immunity early in the litigation,

> [e]arly resolution of qualified immunity justifies withholding discovery while the court considers a motion to dismiss on that basis and, if dismissal is not warranted, allowing only limited discovery for purposes of summary judgment on the immunity question. But once it is clear that such early resolution is impossible, trial is necessary, and it is assumed that "a single trial will be more expedient" than separate trials.

*Scarbro v. New Hanover Cty.*, No. 7:03-CV-244-FL, 2011 WL 2550969, at *2 (E.D.N.C. June 27, 2011) (citation omitted). The Court in its discretion denies defendants' request to bifurcate the issues for trial.

Defendants further request that special interrogatories be submitted to the jury to allow the jury to decide the relevant factual issues. The Court agrees that the use of special interrogatories will provide it with specific facts found by the jury upon which to base its determination of whether all or any of the defendants are entitled to qualified immunity. *See, e.g., Willingham v. Crooke*, 412 F.3d 553, 560 (4th Cir. 2005) ("to the extent that a dispute of material fact precludes a conclusive ruling on qualified immunity at the summary judgment stage, the district court should submit factual questions to the jury and reserve for itself the legal question of whether the defendant is entitled to qualified immunity on the facts found by the jury."). The Court will not, however, provide the jury with, as defendants suggest, approximately seventy interrogatories to answer.

Plaintiffs and defendants are DIRECTED to each provide to the Court a total of five (5) separate special interrogatories they believe will allow the jury to make sufficient factual findings on which the Court may base its qualified immunity ruling. As there are two plaintiffs and four remaining defendants in this action, the parties are permitted to request a response from the jury within each interrogatory as to the necessary party or parties. Finally, the Court recognizes that the evidence which is ultimately admitted at trial may result in a request to modify a party's proposed interrogatories. The Court will permit the parties an opportunity to do so prior to the charge conference.

## CONCLUSION

For the foregoing reasons, the motion to join [DE 367] is GRANTED and the motion for bifurcation and special interrogatories [DE 364] is GRANTED IN PART and DENIED IN PART. The parties shall submit proposed special interrogatories in accordance with the foregoing not later than May 7, 2021, at 4:00 p.m. for the Court's review.

SO ORDERED, this __3__ day of May, 2021.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE