IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-451-BO

RAYMOND TARLTON, as guardian ad litem for )
HENRY LEE MCCOLLUM, *et al.*, )
)
          Plaintiffs, )
)
v. )         O R D E R
)
KENNETH SEALEY, both individually and in his )
official capacity as Sheriff of Robeson County, )
*et al.*, )
)
          Defendants. )

This cause comes before the Court on several motions *in limine* to which responses have been filed. Trial is set to commence on May 10, 2021, at Raleigh. Accordingly, although the time for filing a reply has not expired, the Court rules as follows. The Court notes, however, that a ruling *in limine* is preliminary and maybe subject to change as the trial unfolds. *Luce v. United States*, 469 U.S. 38, 41 (1984).

1. <u>Defendants'[1] motion *in limine* to exclude the expert testimony of Dr. Richard Leo [DE 368]</u>

Plaintiffs intend to call Dr. Leo as an expert to assist the jury in understanding why a person might falsely confess to a crime they did not commit, how the interrogations of plaintiffs were psychologically coercive, situational and personal risk factors associated with false confessions, and why a person may make subsequent inculpatory statements despite having falsely confessed.

> Under Rule 702, a district court must ensure that the expert is qualified and that the expert's testimony is both relevant and reliable. In performing this gatekeeping role, a district court is not intended to serve as a replacement for the adversary system,

---

[1] Unless otherwise noted, the motions have been filed on behalf of all defendants. *See* [DE 398-402].

and consequently, the rejection of expert testimony is the exception rather than the rule.

*United States v. Smith*, 919 F.3d 825, 835 (4th Cir. 2019) (internal quotations and citations omitted). Defendants have failed to show that Dr. Leo's proposed testimony is either not relevant or not reliable. Whether plaintiffs' confessions were coerced is the central issue of the case and testimony regarding risk factors associated with false confessions and why a person may make subsequent inculpatory statements despite having falsely confessed will assist the jury. *See United States v. Belyea*, 159 F. App'x 525, 529 (4th Cir. 2005).

Defendants have further not persuasively argued that Dr. Leo's principals and methods are unreliable. Defendants do not challenge Dr. Leo's credentials. Recognizing that this area of study has drawn criticism from some, plaintiffs have presented persuasive authority that the study of false confessions is reliable and have further persuasively argued that Dr. Leo has reliably applied the methodology to this case. At bottom, the place to challenge Dr. Leo's testimony is on cross-examination, and the Court will not exclude his expert testimony. *See Caine v. Burge*, No. 11 C 8996, 2013 WL 1966381, at *2 (N.D. Ill. May 10, 2013). The motion is denied.

2. Defendants' motion *in limine* to exclude evidence or argument by plaintiffs that their confessions were false or unreliable [DE 370]

Defendants argue that the only issue in the case as relates to plaintiffs' § 1983 claims arising out of their confessions is whether plaintiffs' confessions were involuntary, and thus whether the confessions were false or unreliable is irrelevant. The Court disagrees. Whether plaintiffs' confessions were false plainly satisfies the low evidentiary threshold of relevance as to the issue of whether they were coerced. Fed. R. Evid. 401. "It is [] axiomatic that a defendant in a *criminal* case is deprived of due process of law if his conviction is founded, in whole or in part, upon an involuntary confession, without regard for the truth or falsity of the confession . . . and even though

2

there is ample evidence aside from the confession to support the conviction." *Jackson v. Denno*, 378 U.S. 368, 376 (1964) (emphasis added). In a civil action, and specifically a civil action arising under 42 U.S.C. § 1983, however, whether a confession was false is relevant to, though not dispositive of, the determination of whether the confession was involuntary. The court of appeals has determined in this case that "whether [plaintiffs]' confessions were coerced or fabricated must be determined by a jury." *Gilliam v. Sealey*, 932 F.3d 216, 234 (4th Cir. 2019) (emphasis added). Evidence of innocence can be used to rebut testimony that a person has reliably confessed to a crime and increase the likelihood that a confession was coerced. *Ayers v. City of Cleveland*, 773 F.3d 161, 169 (6th Cir. 2014).

Moreover, plaintiffs argue they intend to offer evidence that their confessions were false in order to support their remaining claims, including that following their confessions, which plaintiffs contend defendants knew were unreliable, defendants in bad faith suppressed exculpatory evidence and failed to investigate Roscoe Artis. Whether plaintiffs' confessions were false is also relevant to any damages determination. *Id.* Any concern raised by defendants that the jury will confuse the issues of whether the confessions were involuntary with whether they were false can be cured by the appropriate instruction. The motion is denied.

3. Defendants' motion *in limine* to exclude newspaper articles [DE 374]

Plaintiffs seek to introduce one newspaper article published two days after Miss Buie's body was discovered. Plaintiffs contend that the article is relevant to their Due Process Clause and Fourth Amendment claims, not as evidence of the truth of the matters contained therein, but to show that defendants were under pressure to solve Miss Buie's murder quickly. The newspaper article is self-authenticating. Fed. R. Evid. 902(6). At this time the Court discerns no unfair prejudice or confusion of the issues if the newspaper article is admitted. The motion is denied.

3

4. The Robeson County Sheriff's Office defendants' motion *in limine* to exclude any mention of Operation Tarnished Badge or other reference to corruption within the Robeson County Sheriff's Office [DE 376]

Plaintiffs intend to offer evidence of Operation Tarnished Badge to demonstrate the existence of longstanding, well-known corruption within the Robeson County Sheriff's Office in support of their *Monnell* claims. Operation Tarnished Badge focused on a culture of corruption within the Robeson County Sheriff's Office beginning in 1997. Neither of the Robeson County Sheriff's Office defendants in this case were implicated in Operation Tarnished Badge.

The scope of the Operation Tarnished Badge investigation began more than ten years after plaintiffs were arrested and tried, for the first time, for the rape of murder of Miss Buie and it is not directly relevant to plaintiffs' claims. The Court will grant the moving defendants' motion to exclude any mention of Operation Tarnished Badge during plaintiffs' case in chief. The request to exclude any reference to corruption within the Robeson County Sheriff's Office generally is denied. First, the moving defendants do not identify any specific evidence they wish to exclude except for evidence concerning Operation Tarnished Badge. Second, evidence of corruption during the relevant time-period may be relevant to plaintiffs' *Monell* claims. Accordingly, the motion is granted in part and denied in part.

5. Defendants' motion *in limine* to exclude any evidence of bad acts of Roscoe Artis [DE 378]

Plaintiffs intend to offer evidence of the crimes of Roscoe Artis in support of their due process and evidence suppression claims. The court of appeals has already addressed some of defendants' arguments in support of their motion to exclude, in particular holding that, despite the fact that the district attorney and defense counsel were aware of Artis and his other crimes, "[i]t is the officers' job to investigate the crime and identify suspects, not the prosecutor's [or defense counsel's]. *Gilliam v. Sealey*, 932 F.3d 216, 239 (4th Cir. 2019). Indeed, in order to show that

4

defendants in bad faith suppressed evidence that Artis committed similar crimes, plaintiffs must introduce evidence of those crimes and why they were similar to the rape and murder of Miss Buie. *Id.* This motion is denied.

6. Defendants' motion *in limine* to bar liability and damages in connection with plaintiffs' Fourth Amendment claims because McCollum's voluntary confession to a television reporter on September 30, 1983, is an intervening and superseding cause [DE 380]

Plaintiffs correctly argue that this is not a motion *in limine* but rather an untimely motion for summary judgment. Moreover, the court of appeals has rejected a similar argument by defendants:

> [Defendants] also assert that even if McCollum's confession did not establish probable cause on its own, McCollum's subsequent statements to police and others corroborated his first confession and "reaffirmed" the probable cause. These statements -- to the extent they are not factual disputes that must be determined by a jury -- occurred after McCollum was arrested and were not "information the officers had at the time" of the arrest. *Munday*, 848 F.3d at 253. As a result, any subsequent incriminating statements could not "cure" arrests made without probable cause.

*Id.*, 932 F.3d at 234 n.10 (internal J.A. citation omitted). This motion is denied.

## CONCLUSION

Accordingly, for the foregoing reasons, defendants' motions *in limine* at [DE 368, 370, 374, 378, and 380] are DENIED. The Robeson County Sheriff's Office defendants' motion *in limine* at [DE 376] is GRANTED IN PART and DENIED IN PART.

SO ORDERED, this __7__ day of May, 2021.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE