IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-451-BO

RAYMOND TARLTON, as Guardian Ad Litem )
for HENRY LEE MCCOLLUM; KIMBERLY )
PINCHBECK, as Limited Guardian and )
Conservator of the Estate of HENRY LEE )
MCCOLLUM; J. DUANE GILLIAM, as Guardian )
of the Estate of LEON BROWN, )
                                              )
                    Plaintiffs, )
                                              )
        v.                                            )          O R D E R
                                              )
CHARLOTTE NOEL FOX, Administrator of the )
Estate of KENNETH SNEAD; LEROY ALLEN, )
                                              )
                    Defendants. )

This cause comes before the Court following a jury trial which commenced on May 10, 2021, at Raleigh, North Carolina. On May 14, 2021, the jury returned its unanimous verdict and answered special interrogatories. Thereafter the Court entered an oral order finding that defendants Allen's and Snead's qualified immunity defenses would not preclude a finding of liability based upon the findings of the jury. The following is entered in support of the Court's oral order.

## DISCUSSION

Qualified immunity shields government officials from liability for statutory or constitutional violations so long as they can reasonably believe that their conduct does not violate clearly established law. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir. 2011) (en banc). A court employs a two-step procedure for determining whether qualified immunity applies that "asks first whether a constitutional violation occurred and

second whether the right violated was clearly established." *Melgar v. Greene*, 593 F.3d 348, 353 (4th Cir. 2010). A court may exercise its discretion to decide which step of the analysis to decide first based on the circumstances presented. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Where, as here, the material facts are in dispute at the summary judgment stage, a jury should make the factual findings relevant to the qualified immunity question, but the legal question of whether a defendant is entitled to qualified immunity is left to the court. *Willingham v. Crooke*, 412 F.3d 553, 559-60 (4th Cir. 2005).

The jury found that defendants Allen and Snead violated the constitutional rights of Henry McCollum. [DE 427]. Specifically, the jury found that defendants Allen and Snead acted in concert to coerce or fabricate Henry McCollum's written confession, to suppress material exculpatory evidence in bad faith before McCollum's trials, and to suppress material exculpatory evidence in bad faith after McCollum's 1991 trial. [DE 427-1]. "It was beyond debate at the time of the events in this case that [McCollum]'s constitutional rights not to be imprisoned and convicted based on coerced, falsified, and fabricated evidence or confession[], or to have material exculpatory evidence suppressed, were clearly established." *Gilliam v. Sealey*, 932 F.3d 216, 241 (4th Cir. 2019). Further, there can be "no reasonable dispute that it was clearly established in 1983 that an arrest in the absence of probable cause was a violation of an individual's Fourth Amendment rights, and that a coerced confession could not form the basis of probable cause for an arrest." *Id.* at 235. Accordingly, defendants Allen and Snead are not entitled to qualified immunity as to McCollum's claims arising from his purported confession and the suppression of exculpatory evidence.

The jury also found that Allen and Snead did not fail to investigate Roscoe Artis following McCollum's arrest in bad faith. *See Gilliam*, 932 F.3d at 240 (plaintiffs allege a due process violation on the basis of defendants' failure to sufficiently investigate Artis). Accordingly, as the

2

jury found that no constitutional violation occurred, defendants Allen and Snead are entitled to qualified immunity as to this claim. *See Gregg v. Ham*, 678 F.3d 333, 341 n.7 (4th Cir. 2012) ("To prevail under qualified immunity, [a defendant] has to show either that there was no constitutional violation or that the right violated was not clearly established.").

The jury found that defendant Snead violated Leon Brown's constitutional rights but that defendant Allen did not violate Leon Brown's constitutional rights. [DE 427]. As the jury determined that Allen committed no constitutional violations as to Brown, Allen is entitled to qualified immunity as to each of Brown's claims. *Gregg*, 678 F.3d at 341 n.7.

The jury further specifically found that defendants Allen and Snead did not act jointly in concert to deprive Brown of one or more of his constitutional rights and that Snead coerced or fabricated Brown's written confession. [DE 427-1]. As discussed above, the rights violated by a coerced or fabricated confession were clearly established at the relevant time and Snead is not entitled to qualified immunity as to Brown's confession-based claims. *Gilliam*, 932 F.3d at 235, 241.

The jury further found that defendants suppressed materially exculpatory evidence in bad faith before Leon Brown's trials and suppressed material exculpatory evidence in bad faith after Leon Brown's 1992 trial. [DE 427-1]. The jury did not, however, assign liability for these claims to defendant Snead or Allen. *Id*. However, as defendant Snead was the only remaining defendant in the case who the jury determined had violated any of Brown's constitutional rights, it is appropriate to infer that the jury assigned liability for these claims to defendant Snead. As these rights were clearly established, *Gilliam*, 932 F.3d at 241, Snead is not entitled to qualified immunity as to these claims.[1]

---

[1] Alternatively, should such an inference be improper, Snead would be entitled to qualified immunity as to these claims as he would not have committed a constitutional violation.

3

Finally, the jury also found that these defendants did not fail to investigate Roscoe Artis following Brown's arrest in bad faith. *See Gilliam*, 932 F.3d at 240. Accordingly, as the jury found that no constitutional violation occurred, defendant Snead is entitled to qualified immunity as to this claim.

## CONCLUSION

In sum, based upon the facts as found by the jury and the clearly established law at the relevant time, defendant Leroy Allen is entitled to qualified immunity as to all claims alleged by plaintiff Leon Brown and as to Henry McCollum's claim arising out of the bad faith failure to investigate Roscoe Artis. Defendant Kenneth Snead is entitled to qualified immunity only as to Henry McCollum's and Leon Brown's claims based upon the bad faith failure to investigate Roscoe Artis. Defendants Allen and Snead are not entitled to qualified immunity as to any remaining claims.

SO ORDERED, this __17__ day of May, 2021.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE