IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-451-BO

RAYMOND TARLTON, as guardian ad litem for )
HENRY LEE MCCOLLUM, *et al.*, )
)
Plaintiffs, )
)
v. ) ORDER
)
KENNETH SEALEY, both individually and in his )
official capacity as Sheriff of Robeson County, )
*et al.*, )
)
Defendants. )

This cause comes before the Court on a motion by defendants Leroy Allen and Charlotte Noel Fox, Administrator of the Estate of Kenneth Snead for a new trial. Plaintiffs have responded, defendants have replied, and the matter is ripe for ruling. For the reasons that follow, defendants' motion is denied.

## BACKGROUND

The Court dispenses with a full recitation of the background of this case and presumes familiarity with its factual and procedural history. On May 10, 2021, a jury trial in this matter commenced at Raleigh, North Carolina. The jury returned a verdict in plaintiffs' favor on May 14, 2021, awarding plaintiffs a total of $75 million in damages. [DE 427]. Defendants[1] now seek a new trial pursuant to Rule 59(a) of the Federal Rules of Civil Procedure.

---

[1] The moving defendants are the only defendants who were not dismissed prior to the jury's verdict.

DISCUSSION

A motion for new trial must be granted where "(1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors, Inc.*, 99 F.3d 587, 594 (4th Cir.1996); *see also Doe v. Fairfax Cty. Sch. Bd.*, 1 F.4th 257, 268 (4th Cir. 2021) (noting that despite the permissive language of the rule courts are required to order new trial where any of the above circumstances exist); *Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 301 (4th Cir. 1998). A court is permitted to weigh the evidence and consider the credibility of the witnesses when deciding a motion for new trial. *Cline*, 144 F.3d at 301. The decision to order a new trial is within the trial court's discretion. *Whalen v. Roanoke Cty. Bd. of Sup'rs*, 769 F.2d 221, 226 (4th Cir. 1985).

Defendants raise four arguments in support of their motion for a new trial. First, they contend that the Court erred in its treatment of defendants' entitlement to qualified immunity. Second, they contend that the Court erred by admitting evidence of plaintiffs' pardons. Third, defendants contend that it was error to admit portions of Luther Britt's testimony. Fourth, defendants contend that the Court's conduct during the trial implied partiality. The Court has carefully considered each of defendants' arguments and determines, in its discretion, that defendants have failed to demonstrate that a new trial should be ordered.

(1) Qualified immunity.

The Court did not err in its treatment of defendants' qualified immunity defense. Whether a defendant is entitled to qualified immunity is a two-part inquiry. *Tolan v. Cotton*, 134 S. Ct. 1861, 1865–66 (2014) (per curiam). The first is fact-based and asks whether a constitutional

2

violation has occurred; this is a question for the jury. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 722 (1999). The second is a legal question which asks whether at the time the constitutional violation occurred the right that has been violated was clearly established. *Willingham v. Crooke*, 412 F.3d 553, 559 (4th Cir. 2005). It is improper for a jury to decide "both disputed factual issues and the ultimate question of whether the defendant was entitled to qualified immunity on the basis that he could reasonably have believed that his actions were lawful." *Id.*

The Court did not submit the ultimate legal question of whether defendants were entitled to qualified immunity to the jury. It asked the jury to answer both the general fact-based question, whether plaintiffs' constitutional rights had been violated and if so by whom, as well as special interrogatories which further informed the Court's ultimate qualified immunity rulings. *See* [DE 427-1]; [DE 432]. Based upon the jury's findings, defendants were entitled to qualified immunity on some claims but not others. Further, in making its ultimate qualified immunity determination, the Court relied on the opinion by the court of appeals in this case which carefully considered whether the constitutional rights plaintiffs alleged were violated were clearly established at the relevant time, and concluded that they were. *Gilliam v. Sealey*, 932 F.3d 216, 235, 241 (4th Cir. 2019).

The special interrogatories submitted to the jury were also sufficiently specific. Defendants contend that the special interrogatories were framed at too high a level of generality for the Court to properly make a qualified immunity determination, specifically as to whether the rights in question were clearly established. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011) (general propositions are unhelpful "in determining whether the violative nature of particular conduct is clearly established."). However, courts "do not require that a prior case be identical to the case at

3

bar for fair notice to be provided." *West v. Murphy*, 771 F.3d 209, 216 (4th Cir. 2014). Rather, "in the light of pre-existing law the unlawfulness must be apparent." *Id.* (internal quotation and citation omitted). The interrogatories submitted were sufficient, based upon both the nature of the factual dispute in this case, specifically that the versions of events proffered by plaintiffs and defendants were in complete contrast, as well as the prior opinion of the court of appeals. *See, e.g., Gilliam*, 932 F. 3d at 234 ("[W]hether [plaintiffs'] confessions were coerced or fabricated must be determined by a jury."). Defendants have not persuaded this Court that a new trial is warranted based upon either the Court's qualified immunity ruling or the specificity of the special interrogatories submitted to the jury.

(2) Pardons of innocence.

As the Court ruled prior to the trial, the pardons of innocence issued by the Governor of North Carolina to the plaintiffs were as relevant to this trial as the fact of their convictions. *See* Fed. R. Evid. 401(a); *see also Ayers v. City of Cleveland*, 773 F.3d 161, 169 (6th Cir. 2014). "The issue in this case was not, as defendants point out, whether [plaintiffs were] guilty or innocent of the crime. But that is what it would have become if the fact of" plaintiffs pardons of innocence had been excluded from the evidence. *Newsome v. McCabe*, No. 96 C 7680, 2002 WL 548725, at *6 (N.D. Ill. Apr. 4, 2002). This is especially true where, as here, defendants argued that plaintiffs were, in fact, guilty of the rape and murder of Ms. Buie. *Hill v. City of Chicago*, No. 06 C 6772, 2011 WL 2633823, at *7 n.2 (N.D. Ill. July 5, 2011).

The pardons of innocence did not, however, answer the questions posed by this case – whether the defendants violated plaintiffs' constitutional rights. And it is clear from the jury's verdict that the admission of the pardons into evidence did not have the effect of confusing the issues. *See* Fed. R. Evid. 403. The jury's verdict reflected their finding that defendant Allen did

4

not violate any of plaintiff Brown's constitutional rights and further that the failure to investigate Roscoe Artis was not a violation of either of plaintiffs' constitutional rights. The jury's verdict further reflects that they heeded the Court's instructions, for example that the pardons satisfied only one element of plaintiffs' malicious prosecution claim. *See* [DE 445-2 p. 77]; *Stamathis v. Flying J, Inc.*, 389 F.3d 429, 442 (4th Cir. 2004). Thus, contrary to defendants' argument, the impact of the pardons was not to persuade the jury that the defendants must be liable for each of plaintiffs' claims against them or to be dispositive of any issue in the case.

Finally, defendants argue that the Court gave the pardons preclusive effect by preventing them from putting on evidence in conflict with innocence. Defendants were permitted ample opportunity to put on evidence which conflicted with plaintiffs' innocence, as is recounted by plaintiffs in their citations to the trial transcripts. *See* [DE 445 pp. 12-14]. The Court did not, however, permit defendants to collaterally attack the pardons by arguing that they were obtained by fraud, as this would have created a trial within a trial that would confuse the issues. This decision was within the Court's discretion to manage the trial. Fed. R. Evid. 611(a); *United States v. Crosby*, 462 F.2d 1201, 1202 (D.C. Cir. 1972) (noting "ever present duty" of trial court to "move, with reasonable dispatch, the trial of the action and to limit its ranging too far afield.").

(3) Testimony of Luther Britt.

Defendants contend that Luther Britt, a former Robeson County District Attorney, impermissibly opined about credibility and that most of Mr. Britt's testimony was speculative. Mr. Britt served as District Attorney for Robeson County for twenty-five years, and during his term he supervised or was involved in thousands of prosecutions of murder and rape. Mr. Britt was also familiar with plaintiffs' case as he had reviewed the case files and offered an opinion in plaintiffs' proceeding before the North Carolina Innocence Inquiry Commission. Mr. Britt's testimony

5

concerned the prosecution of rape and murder trials in Robeson County generally as well has his own support of plaintiffs' claim for innocence. *See e.g.,* [DE 440-1 pp. 63-84].

To the extent Mr. Britt's testimony improperly strayed from his personal knowledge, defendants were permitted to cross-examine Mr. Britt on that testimony. For example, Mr. Britt testified that, based on his knowledge of interrogation techniques and the personalities of some of the people involved, he did not believe that the conversation between plaintiffs and defendants in the interrogation rooms the night plaintiffs were arrested was "cordial." [DE 440-2 p. 4]. Mr. Britt testified that he believed that there would have been raised voices and that there may have been cussing and threatening remarks made. *Id.* Defendants thoroughly cross-examined Mr. Britt, including on this very issue, highlighting that Mr. Britt was not in the room during plaintiffs' interrogations in 1983 and could only speculate as to what happened. *Id.* p. 47.

Defendants further offered their own witness testimony about what happened in the interrogation rooms in 1983, including the testimony of defendant Allen as well as deposition testimony of defendant Snead. Defendants' evidence was in stark contrast to plaintiffs' own testimony about what happened in the interrogation rooms in 1983, and it was this conflicting version of events which has been described as the "heart" of this case. *Gilliam* 932 F.3d at 222. Defendants have not demonstrated any error regarding Mr. Britt's testimony that would not be deemed harmless, in that it would not have substantially swayed the jury's verdict in light of the other evidence in the case. *United States v. Johnson*, 587 F.3d 625, 637 (4th Cir. 2009).

(4) Conduct of the Court.

Finally, defendants contend that the Court injected error into the trial through its own conduct. Rule 611 of the Federal Rules of Evidence permits a trial court to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence." Fed. R. Evid.

611(a). A trial judge is further permitted to examine witnesses. Fed. R. Evid. 614(b). A trial judge is to ensure that a case is presented in a way so as to be understood by the jury and it is permitted to ask questions in order to develop facts. *United States v. Parodi*, 703 F.2d 768, 775 (4th Cir. 1983) (citation omitted). To show prejudicial error resulting from the trial court's interference with a trial, a party must show that the conduct "was so prejudicial that it affected [the party's] substantial rights, *i.e.*, it had to change the outcome of the trial." *United States v. Martinovich*, 810 F.3d 232, 241 (4th Cir. 2016); *see also United States v. Lefsih*, 867 F.3d 459, 469 (4th Cir. 2017) (error must have been "sufficiently prejudicial that it denied" moving party a fair and impartial trial).

The Court has reviewed the transcript citations relied upon defendants and, contrary to defendants' assertion, finds no reason to grant a new trial based upon its comments and rulings. Moreover, the Court provided the jury with sufficient instructions regarding their role in the case as the judge of the facts, including the credibility of witnesses. [DE 440-1 p. 3]; [DE 445-2 p. 72]; *Desjardins v. Van Buren Cmty. Hosp.*, 969 F.2d 1280, 1282 (1st Cir. 1992). As discussed above, the jury's verdict reflects that it carefully considered the evidence before it and made specific determinations as to the liability of each defendant as to each plaintiff, including finding defendant Allen not liable for any constitutional violations as against plaintiff Brown.

In sum, and following careful consideration of the record and the parties' arguments, the Court is not persuaded that defendants suffered any prejudicial error such that a new trial would be warranted. As to each of the alleged grounds that defendants raise, the Court's conduct was either clearly proper or, if arguably improper, was not prejudicial. Defendants have further failed to demonstrate that the verdict was against the weight of the evidence, was based upon false evidence, or resulted in a miscarriage of justice. Their motion for new trial is therefore denied.

7

## CONCLUSION

Accordingly, for the foregoing reasons, defendants' motion for new trial [DE 439] is DENIED.

SO ORDERED, this __21__ day of October, 2021.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE