IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-451-BO

| | |
|---|---|
| RAYMOND TARLTON, as guardian ad litem for HENRY LEE MCCOLLUM, and J. DUANE GILLIAM, as guardian of the estate of LEON BROWN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KENNETH SEALEY, both individually and in his official capacity as the Sheriff of Robeson County, et al.,, <br><br> Defendants. | **ORDER** |

This matter is before the clerk on the application for writ of execution [DE-484] and amended application for writ of execution [DE-485] filed by plaintiffs.

Although plaintiffs contend they have satisfied all statutory prerequisites for executing judgment, the clerk cannot so find. Pursuant to Rule 69 of the Federal Rules of Civil Procedure, a money judgment is enforced by writ of execution, the procedure of which must be in accordance with the law of North Carolina. As plaintiffs note, North Carolina General Statute Section 1C-1603 requires a judgment creditor to serve an individual judgment debtor with a notice of rights to have exemptions designated prior to the clerk issuing a writ of execution. In this case, plaintiffs served the judgment debtors with the notice of rights in March 2022 [DE-469; DE-470].

Subsequently, however, the Fourth Circuit issued an opinion which, inter alia, vacated the judgment entered court's October 22, 2021 amended judgment [DE-454]. Following remand, on the parties' joint motion, the court ordered that an amended judgment be entered [DE-482]. The clerk entered the second amended judgment on April 20, 2023 [DE-483].

Section 1C-1603 specifically provides, in pertinent part:

> <u>After judgment</u>, except as provided in subdivision (3) of this subsection or when exemptions have already been designated, the clerk may not issue an execution or writ of possession unless notice from the court has been served upon the judgment debtor advising the debtor of the debtor's rights . . . .

N.C. Gen. Stat. § 1C-1603(a)(4) (emphasis added). The clerk having entered the amended judgment on April 20, 2023, upon which plaintiffs seek to execute, plaintiffs must now proceed under § 1C-1603(a)(4) and serve judgment debtors with a notice to claim exemptions. Accordingly, the application for writ of execution [DE-484] and amended application for writ of execution [DE-485] are denied.

SO ORDERED. This the  18  day of May, 2023.

Peter A. Moore, Jr.
Clerk of Court

2

Case 5:15-cv-00451-BO   Document 486   Filed 05/18/23   Page 2 of 2