# EXHIBIT 29

## AGREEMENT TO REFORM INSURANCE POLICIES

This Agreement to Reform Insurance Policies (the "Reformation Agreement") is entered into this ___ day of _____, 2019 between the North Carolina Public Officers and Employees Liability Insurance Commission ("POELIC") and Lexington Insurance Company ("Lexington").

WHEREAS, beginning on July 1, 2007, Lexington issued the following policies of insurance to POELIC: Policy No. 3039073 (07/01/07 – 07/01/08); Policy No. 8133696 (07/01/08 – 07/01/09); Policy No. 031567263 (07/01/09 – 07/01/10); Policy No. 031238619 (07/01/10 – 07/01/11); Policy No. 031238619 (07/01/11 – 07/01/12); Policy No. 023064898 (07/01/12 – 07/01/13); Policy No. 011187555 (07/01/13 – 07/01/14); Policy No. 013466861 (07/01/14 – 07/01/15); Policy No. 014242626 (07/01/15 – 07/01/16); Policy No. 015294549 (07/01/16 – 07/01/17); and Policy No. 015592282 (07/01/17-10/01/18) (the "Lexington Policies").

WHEREAS, the Lexington Policies provided indemnity coverage for state employees for whom the State of North Carolina provided a defense pursuant to Article 31A of the North Carolina General Statutes for amounts which the state employees become legally obligated to pay as damages resulting from an "Occurrence."

WHEREAS, each of the Lexington Policies was issued subject to a retention of $1,000,000, with a liability limit, in excess of the retention, of $10,000,000 for each Covered Employee, $10,000,000 for each Occurrence, and with an annual aggregate in amounts varying from $10,000,000 to $25,000,000.

WHEREAS, for the policy periods of July 1, 2007 – July 1, 2008 through July 1, 2013 – July 1, 2014, the Lexington Policies had the following definition of an Occurrence: "Occurrence

1

– means an event, including continuous or repeated exposure to conditions, which results in damages, during the policy period to any person or organization."

WHEREAS, for the policy periods of July 1, 2014 – July 1, 2015 through July 1, 2017 – October 1, 2018 (when the last Lexington Policy terminated), the Lexington Policies had the following definition of an Occurrence: "Occurrence – means an event, or related series of events, including continuous or repeated exposure to conditions, which results in a claim during the policy period."

WHEREAS, throughout the periods of coverage of the Lexington Policies, the course of conduct between POELIC and Lexington at all times was consistent with coverage being provided under the Lexington Policies on an "occurrence" basis, and not on a "claims made" basis.

WHEREAS, Lexington and POELIC agree that the change in the definition of "occurrence" starting with the Lexington Policy for 2014 – 2015 policy period was the result of a mutual mistake between Lexington and POELIC.

WHEREAS, Lexington and POELIC agree that it is appropriate to reform the Lexington Policy No. 013466861 (07/01/14 – 07/01/15), Policy No. 014242626 (07/01/15 – 07/01/16), Policy No. 015294549 (07/01/16 – 07/01/17); and Policy No. 015592282 (07/01/17-10/01/18) to reform the definition of "occurrence" to be consistent with the definition of "occurrence" in the prior Lexington Policies, such that all coverage under the Lexington Policies was provided to POELIC on an "occurrence" basis as POELIC and Lexington always intended.

NOW THEREFORE, POELIC and Lexington agree as follows:

1. POELIC and Lexington agree to reform Lexington Policy No. 013466861 (07/01/14 – 07/01/15), Lexington Policy No. 014242626 (07/01/15 – 07/01/16), Lexington Policy No. 015294549 (07/01/16 – 07/01/17), and Lexington Policy No. 015592282 (07/01/17-10/01/18)

2

to reform the definition of "occurrence" to read as follows: "Occurrence – means an event, including continuous or repeated exposure to conditions, which results in damages, during the policy period to any person or organization."

2. POELIC and Lexington agree that the change in the definition of "occurrence" which first appeared in Lexington Policy No. 013466861 for the period from July 1, 2014 – July 1, 2015 was the result of a mutual mistake between POELIC and Lexington.

3. POELIC and Lexington agree that their course of conduct throughout the period of coverage under the Lexington Policies was consistent with coverage being provided by Lexington only on an "occurrence" basis, as POELIC and Lexington always intended, and not at any time was coverage provided by Lexington on a "claims made" basis. POELIC and Lexington further agree to reform any other provisions of Lexington Policy No. 013466861 (07/01/14 – 07/01/15), Lexington Policy No. 014242626 (07/01/15 – 07/01/16), Lexington Policy No. 015294549 (07/01/16 – 07/01/17), and Lexington Policy No. 015592282 (07/01/17-10/01/18) that can be construed in any way to be inconsistent with coverage being provided by Lexington on an "occurrence" basis.

4. POELIC is the Plaintiff in the following lawsuit filed in the Superior Court for Wake County, North Carolina: *The State of North Carolina and Public Officers and Employees Liability Insurance Commission v. Jefferson Insurance Company, Lexington Insurance Company, Kimberly Pinchbeck, as Limited Guardian and Conservator of the Estate of Henry Lee McCollum, and J. Duane Gilliam, on behalf of and as Guardian of Leon Brown*, Case No. 19 CVS 1757 (the "POELIC DJ Action"). In the POELIC DJ Action, POELIC alleged that Lexington Policy No. 014242626 for the period from July 1, 2015 – July 1, 2016 was written on a "claims made" basis, and allegedly provided coverage for potential liability arising from an underlying lawsuit brought

3

on behalf of Henry Lee McCollum and Leon Brown that is pending in the United District Court for the Eastern District of North Carolina (the "McCollum-Brown Underlying Action"). POELIC has filed a voluntary dismissal, without prejudice, of its declaratory judgment claims against Lexington in the POELIC DJ Action. POELIC agrees that it will not reinstitute its claims against Lexington as alleged in the POELIC DJ Action, and further agrees to withdraw any claim it has made for "claims made" coverage arising from the McCollum-Brown Underlying Action under Lexington Policy No. 014242626 for the period from July 1, 2015 – July 1, 2016.

5. POELIC agrees to withdraw any claim it has made for "claims made" coverage arising from the claim asserted on behalf of Larry Lamb under Lexington Policy No. 014242626 for the period from July 1, 2015 – July 1, 2016.

6. POELIC represents and warrants that POELIC has not made any assignment of any claim for claims made coverage under Lexington Policy No. 014242626 for the period from July 1, 2015 – July 1, 2016 for any claim arising from the McCollum-Brown Underlying Action or asserted on behalf of Larry Lamb.

7. POELIC represents and warrants that pursuant to this Reformation Agreement, POELIC is hereby releasing any and all claims for "claims made" coverage under Lexington Policy No. 013466861 (07/01/14 – 07/01/15), Lexington Policy No. 014242626 (07/01/15 – 07/01/16), Lexington Policy No. 015294549 (07/01/16 – 07/01/17); and Lexington Policy No. 015592282 (07/01/17-10/01/18), and further represents and warrants that Lexington will be acting in reliance on POELIC's agreements as set forth in this Reformation Agreement in handling and adjusting any further claims under the Lexington Policies.

8. This Reformation Agreement shall be binding upon and inure to the benefit of the predecessors, successors and assigns of POELIC and Lexington.

4

Case 5:15-cv-00451-BO   Document 508-32   Filed 02/27/24   Page 5 of 7
Exhibit 29 - Page 4 of 6

9. This Reformation Agreement shall be construed and enforced in accordance with the laws of the State of North Carolina.

10. This Reformation Agreement contains and reflects the entire intent, understanding and agreement between POELIC and Lexington with respect to the reformation of Lexington Policy No. 013466861 (07/01/14 – 07/01/15), Lexington Policy No. 014242626 (07/01/15 – 07/01/16), Lexington Policy No. 015294549 (07/01/16 – 07/01/17); and Lexington Policy No. 015592282 (07/01/17-10/01/18) as set forth herein; and there are no representations, warranties, covenants, promises or undertakings, oral or otherwise, that are not expressly set forth or incorporated by reference herein with respect to the reformation of Lexington Policy No. 013466861 (07/01/14 – 07/01/15), Lexington Policy No. 014242626 (07/01/15 – 07/01/16), Lexington Policy No. 015294549 (07/01/16 – 07/01/17); and Lexington Policy No. 015592282 (07/01/17-10/01/18). Except as set forth herein, nothing in this Reformation Agreement shall be construed as a modification of the terms and conditions of the Lexington Policies, and POELIC and Lexington agree that all other terms and conditions of Lexington Policies shall remain in effect.

11. This Reformation Agreement has been prepared through the combined efforts of counsel with the N.C. Department of Justice and Lexington, and has been reviewed and approved by POELIC and Lexington's attorneys. Accordingly, no rule of construction shall be applied as if one party alone had been the drafter of this Reformation Agreement. POELIC and Lexington acknowledge and agree that the terms of this Reformation Agreement are fair, reasonable, clear and unambiguous, and consistent with the intent of POELIC and Lexington, and the entire course of conduct between POELIC and Lexington, during the period of coverage of the Lexington Policies.

5

12. POELIC and Lexington state that they have read this Reformation Agreement, that they fully understand the contents of this Reformation Agreement, and that their execution of this Reformation Agreement is voluntary.

13. POELIC and Lexington acknowledge and agree that facsimile or electronic mail signatures shall be deemed to be original signatures for any and all purposes. POELIC and Lexington also acknowledge and agree that a facsimile, electronic mail or photocopy of the fully executed Reformation Agreement shall be deemed to be an original for any and all purposes. However, without requiring the exchange of original signatures to make the Reformation Agreement effective, POELIC and Lexington agree that they will exchange fully executed copies of the Reformation Agreement with original signatures.

IN WITNESS WHEREOF, POELIC and Lexington have executed this Reformation Agreement to be effective as of the date set forth above.

NORTH CAROLINA PUBLIC OFFICERS
AND EMPLOYEES LIABILITY
INSURANCE COMMISSION

*Margie Kelder Boyd*
Margie Kelder Boyd
Risk Manager
N.C. Department of Insurance
Office of State Fire Marshal
On behalf of POELIC

LEXINGTON INSURANCE COMPANY

_____
Lawrence Fine
AIG Claims, Inc.
On behalf of Lexington Insurance Company