| | |
|---|---|
| J. DUANE GILLIAM, Guardian of the Estate of Leon Brown, RAYMOND C. TARLTON, Guardian Ad Litem for HENRY LEE MCCOLLUM, and KIMBERLY PINCHBECK, as Limited Guardian and Conservator of the Estate of Henry Lee McCollum,<br><br>      Plaintiffs,<br><br> v.<br><br>ROBESON COUNTY, TOWN OF RED SPRINGS, KENNETH SEALEY, both Individually and in his Official Capacity as the Sheriff of Robeson County, LARRY FLOYD, LEROY ALLEN, PAUL CANADAY, Administrator C.T.A. of the Estate of Luther Haggins, ROBERT PRICE, Administrator C.T.A. of the Estate of Joel Garth Locklear, Sr., CHARLOTTE NOEL FOX, Administrator of the Estate of Kenneth Snead,<br><br>      Defendants. | **PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 19, 64, AND 69 FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT AGAINST DEBTOR INSURANCE COMPANIES TO AID IN EXECUTION OF THIS COURT'S FINAL JUDGMENT AGAINST DEFENDANTS SNEAD AND ALLEN AND TO GARNISH INSURANCE PROCEEDS**<br><br>**Case No. 5:15-CV-00451-BO** |

   1.  Plaintiff Henry Lee McCollum[1] and Plaintiff Leon Brown[2] (collectively, "Plaintiffs" or "Plaintiffs McCollum and Brown" or individually, "Plaintiff McCollum" and "Plaintiff Brown"), by and through undersigned counsel, hereby seek leave of the Court pursuant to Federal Rules of Civil Procedure 19, 64, and 69 to file a supplemental complaint against certain debtor insurance companies in order to satisfy the judgment awarded to them against Defendants

---

[1] Raymond C. Tarlton is the Guardian Ad Litem for Henry Lee McCollum. Kimberly Pinchbeck is the Limited Guardian and Conservator of the Estate of Henry Lee McCollum.

[2] J. Duane Gilliam is the Guardian of the Estate of Leon Brown.

Kenneth Snead[3] and Leroy Allen (collectively, "Snead and Allen" or individually, "Snead" and "Allen"). Because Defendants have not satisfied or soon will fail to satisfy the judgment, Plaintiffs seek to garnish insurance proceeds owed by Jefferson Insurance Company ("Jefferson"), National Casualty Company ("National Casualty"), General Star National Insurance Company ("General Star"), Clarendon National Insurance Company ("Clarendon"), and Lexington Insurance Company ("Lexington") (collectively, "Supplemental Defendants" or "Insurers").

2. On April 20, 2023, this Court entered final judgment in favor of Plaintiff McCollum and Plaintiff Brown, holding North Carolina law enforcement officers Snead and Allen jointly and severally liable to Plaintiff McCollum, and Snead liable to Plaintiff Brown (the "Final Judgment").

3. In holding Snead and Allen jointly and severally liable to Plaintiff McCollum, as part of the Final Judgment, this Court awarded Plaintiff McCollum $25.25 million in compensatory damages.

4. In holding Snead liable to Plaintiff Brown, as part of the Final Judgment, this Court awarded Plaintiff Brown $25.25 million in compensatory damages.

5. Pursuant to Federal Rule of Civil Procedure 69 and North Carolina General Statutes Section 1-302, Plaintiff McCollum attempted to execute and satisfy the Final Judgment against Snead and Allen. The Final Judgment was returned unsatisfied by Allen on February 16, 2024. *See McCollum, et al. v. Robeson County, et al.*, Case No. 5:15-cv-00451-BO, Dkt. No. 507 (E.D.N.C. Feb. 16, 2024). Upon information and belief, the Final Judgment will soon be returned unsatisfied by Snead.

---

[3] Charlotte Noel Fox is the Administrator of the Estate of Kenneth Snead.

6. Plaintiff McCollum is seeking to enforce and satisfy the Final Judgment by collecting from the Insurers, which insured Snead and Allen for, and are indebted to Snead and Allen for, the damages assessed against Snead and Allen in the Final Judgment.

7. Plaintiff McCollum demanded that the Insurers, which insured Snead and Allen, pay directly to Plaintiff McCollum what is owed under their policies.

8. In response to Plaintiff McCollum's demand, the Insurers have either denied any obligation to provide coverage for any of the damages assessed against Snead and Allen in the Final Judgment or have failed to respond to the demand for coverage.

9. Pursuant to Federal Rule of Civil Procedure 69 and North Carolina General Statutes Section 1-302, Plaintiff Brown attempted to execute and satisfy the Final Judgment against Snead. Upon information and belief, the Final Judgment will soon be returned unsatisfied by Snead.

10. Plaintiff Brown sought to enforce and satisfy the Final Judgment by collecting from Jefferson, National Casualty, and Lexington, which are the Insurers that insured Snead for, and are indebted to Snead for, the damages assessed against Snead in the Final Judgment.

11. Plaintiff Brown demanded that Jefferson, National Casualty, and Lexington pay directly to Plaintiff Brown what is owed under their policies.

12. In response to Plaintiff Brown's demand, Jefferson and Lexington have denied any obligation to provide coverage for any of the damages assessed against Snead in the Final Judgment. National Casualty provided no response.

13. Federal Rule of Civil Procedure 19(a)(1)(A) mandates the joinder of a person (including a corporation) who is subject to service of process and whose joinder will not deprive the Court of subject-matter jurisdiction if "in that person's absence, the court cannot accord complete relief among existing parties." Federal Rule of Civil Procedure 64 provides, in pertinent

3

Case 5:15-cv-00451-BO   Document 509   Filed 02/27/24   Page 3 of 5

part, "[T]hroughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Federal Rule of Civil Procedure 69(a)(1) provides, in pertinent part, "A money judgment is enforced by a writ of execution. . . . The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located."

14. Each of these Federal Rules of Civil Procedure supports the granting of Plaintiffs' Motion and the joinder of the Insurers. Each Insurer is subject to service of process in this District; the Insurers' presence will not deprive the Court of subject-matter jurisdiction; and given that Snead and Allen have not satisfied or soon will fail to satisfy the Final Judgment, the Court cannot accord the Plaintiffs complete relief, which necessarily includes the payment of the amounts the Court awarded them from Snead and Allen. North Carolina law provides that a party seeking to enforce an unsatisfied final judgment may avail itself of supplemental proceedings pursuant to North Carolina General Statutes Article 31 in the event that a writ of execution has been issued and the final judgment has been returned unsatisfied. Specifically, Section 1-359 provides that "[a]fter the issuing of an execution against property, all persons indebted to the judgment debtor, or to any one of several debtors in the same judgment, may pay to the sheriff the amount of their debt, or as much thereof as is necessary to satisfy the execution."

15. The Insurers are indebted to Snead and Allen. Snead and Allen are indebted to Plaintiffs McCollum and Brown. Plaintiffs McCollum and Brown therefore bring this Motion seeking leave of the Court to file a supplemental complaint in order to bring the debtor Insurers into this action in aid of satisfying the Court's Final Judgment.

16.     For the reasons stated above, Plaintiffs respectfully request that the Court grant them leave to file the Supplemental Complaint so they may further pursue satisfaction of the Final Judgment rendered by this Court.

Respectfully submitted, this 27th day of February, 2024.

/s/ Elliot S. Abrams

**CHESHIRE PARKER SCHNEIDER, PLLC**

ELLIOT ABRAMS (N.C. State Bar No. 42639)
133 Fayetteville Street, Suite 400
Raleigh, North Carolina 27601
Telephone: (919) 833-3114
Email: elliot.abrams@cheshirepark.com

**COVINGTON & BURLING LLP**

SETH TUCKER (stucker@cov.com)
TYLER WEINBLATT (tweinblatt@cov.com)
JUDY BAHO (jbaho@cov.com)
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-6000

DAVID A. LUTTINGER JR. (dluttinger@cov.com)
ALICIA OLIA (aolia@cov.com)
The New York Times Building
620 Eighth Avenue, New York, New York 10018
Telephone: (212) 841-1000

*Attorneys for Plaintiffs*