UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| J. DUANE GILLIAM, Guardian of the Estate of Leon Brown, RAYMOND C. TARLTON, Guardian Ad Litem for HENRY LEE MCCOLLUM, and KIMBERLY PINCHBECK, as Limited Guardian and Conservator of the Estate of Henry Lee McCollum<br><br>*Plaintiffs*,<br><br>v.<br><br>ROBESON COUNTY, TOWN OF RED SPRINGS, KENNETH SEALY, both individually and in his Official Capacity as the Sheriff of Robeson County, LARRY FLOYD, LEROY ALLEN, PAUL CANADAY, Administrator C.T.A. of the Estate of Luther Haggins, ROBERT PRICE, Administrator C.T.A of the Estate of Joel Garth Locklear, Sr., CHARLOTTE NOEL FOX, Administrator of the Estate of Kenneth Snead,<br><br>*Defendants*. | Civil Action No. 5:15-cv-00451-BO |

## MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AND TO EXTEND DEADLINE TO RESPOND TO PLAINTIFFS' MOTION FOR LEAVE

Lexington Insurance Company ("Lexington") seeks to intervene in this matter pursuant to Federal Rules of Civil Procedure 24(a) and (b) for the limited purpose of opposing Plaintiffs Henry Lee McCollum and Leon Brown's Motion for Leave to File Supplemental Complaint (ECF No. 508), which seeks to name Lexington as a defendant in this lawsuit, and to request that this Court extend the deadline to respond to Plaintiffs' motion for leave to file supplemental complaint until 21 days after the Court rules on the instant motion.

1

## INTRODUCTION

Lexington should be permitted to intervene in this civil rights lawsuit for the limited purpose of opposing Plaintiffs' motion for leave to file a supplemental complaint, which names Lexington as a defendant. This case has been closed for nearly a year, following a jury verdict against Defendants Kenneth Snead and Leroy Allen. Plaintiffs now seek to reopen the case under a purported Rule 69 "garnishment" proceeding to assert eight claims for breach of twenty-seven different insurance policies in addition to other state-law claims against Lexington and four other insurers. Among other things, the proposed complaint is procedurally improper, the Court lacks jurisdiction over the claims, and the Plaintiffs have failed to join an indispensable party—the State of North Carolina.

Lexington should be permitted to intervene as of right to protect its interests and to ensure that Plaintiffs' motion for leave to file a supplemental complaint is adjudicated on a record more complete than that introduced by Plaintiffs. Lexington's interests will not be adequately represented by Snead or Allen and those interests will necessarily be impaired if the Plaintiffs' motion for leave is granted. Alternatively, Lexington should be granted permissive intervention because its intervention necessarily involves questions of law common to the proposed supplemental complaint itself and will expedite resolution of the dispute.

## ARGUMENT

**A.     The Court must allow Lexington to intervene as of right under Rule 24(a)(2).**

Under Rule 24(a)(2), a district court must permit intervention as a matter of right if the movant can demonstrate "(1) an interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the applicant's interest is not adequately represented by existing parties to the litigation." *Stuart v. Huff*, 706 F.3d 345, 349 (4th

Cir. 2013). The motion to intervene must also be "timely." Fed. R. Civ. P. 24(a)(2); *Scott v. Bond*, 734 Fed. Appx. 188, 191 (4th Cir. 2018). "Liberal intervention is desirable to dispose of as much of a controversy 'involving as many apparently concerned persons as is compatible with efficiency and due process.'" *Feller v. Brock*, 802 F.2d 722, 729 (4th Cir. 1986). Because Lexington's motion to intervene is timely and each of these factors is satisfied, the Court must permit Lexington to intervene.

First, federal courts around the country agree that "the prospect of being added to a lawsuit in an amended complaint is a sufficient 'interest'" for purposes for Rule 24(a)(2). *See, e.g.*, *Auto-Owners Inc. v. Tabby Place Homeowners Ass'n*, 2022 U.S. Dist. LEXIS 214693, at *3 (S.D. Ga. Nov. 29, 2022) (granting non-party's motion to intervene for the purpose of opposing motion for leave to file amended complaint because the non-party had an interest in avoiding being named in lawsuit); *Cooley v. Lisman*, 2019 U.S. Dist. LEXIS 234842, at *9 (D.N.J. Feb. 27, 2019) (permitting a non-party to intervene for "the limited purpose of opposing a motion that seeks to add that non-party as a party to the litigation"); *Innovative Biometric Tech., LLC v. Lenovo (U.S.), Inc.*, 2010 U.S. Dist. LEXIS 146955, at *6 (S.D. Fla. Sept. 9, 2010) (finding a non-party has a sufficient interest in challenging a motion for leave to file an amended complaint adding the non-party as a defendant); *VFD Consulting, Inc. v. 21st Servs.*, 2005 U.S. Dist. LEXIS 48043, at *24 (N.D. Cal. May 11, 2005) (granting motion to intervene to permit a non-party to oppose a motion for leave to file an amended pleading naming the non-party as a defendant in the action). Because Lexington has strong interests in avoiding being named in this lawsuit, the first factor is satisfied.

Second, Lexington's interests will necessarily be impaired by this action because it will eventually be required to defend itself against Plaintiffs' allegations if Plaintiffs' motion for leave is granted. *See Innovative Biometric*, 2010 U.S. Dist. LEXIS 146955, at *5 (finding the second

3

prong of the Rule 24(a) test to be satisfied "because if [movant] is added to this litigation it will be required to defend itself against IBT's infringement allegations."); *Hoedel v. Kirk*, 2020 U.S. Dist. LEXIS 70611, at *6-7 (D. Kan. Apr. 22, 2020) (finding the second prong of the Rule 24(a) test to be satisfied because the proposed defendants' "interests . . . could be adversely affected by the outcome of the litigation").

Third, Lexington's interests will not be adequately represented by the existing parties to the litigation. This case is closed, and the proposed supplemental complaint does not assert any claims against current Defendants Snead and Allen. As a result, Snead and Allen have no reason to oppose Plaintiffs' naming Lexington as a defendant, as the Plaintiffs' proposed coverage claims against Lexington will have no immediate or direct impact on Snead or Allen. Because Snead and Allen have no reason to oppose Plaintiffs' motion, Lexington's interests will not be adequately represented by them. *See Cooley*, 2019 U.S. Dist. LEXIS at *9 (granting a motion to intervene where the existing parties were "not disposed to vigorously defend" against the motion to amend).

Lastly, Lexington's motion is timely. Where intervention at an earlier point "would have served no purpose," the motion is timely. *Nesser v. MAC Acquisition LLC*, 2021 U.S. Dist. LEXIS 118586, at *8 (W.D.N.C. June 25, 2021). Here, the Lexington filed this motion less than two weeks after Plaintiffs filed their motion for leave—which is the first time that Lexington had an interest in this lawsuit that it needed to protect—and before any response to Plaintiffs' motion was due. Accordingly, any attempt to intervene at an earlier point in time "would have served no purpose." *Id.* For all of these reasons, Lexington must be permitted to intervene as of right to protect its interests.

**B. Alternatively, Lexington should be permitted to intervene permissively under Rule 24(b).**

To the extent the Court does not find that intervention as of right is warranted under Rule 24(a), Lexington should nevertheless be allowed to permissively intervene under Rule 24(b). Permissive intervention under Rule 24(b) is appropriate if the intervention involves common questions of law or fact and will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b).

Here, permissive intervention is appropriate because Lexington's intervention involves questions of law and fact that are common to the underlying action—i.e., Plaintiffs' proposed supplemental complaint—and its intervention would actually expedite resolution rather than cause any delay or prejudice. *See Topharm Inc. v. Novapharm, Ltd.*, 1998 U.S. Dist. LEXIS 9585, at *5-6 (E.D.N.C. May 21, 1998) (granting a motion to intervene under Rule 24(b) "for the limited purpose of opposing [a] motion to amend" and "prevent itself from being included as a party"). In *Topharm*, this Court permitted a non-party to intervene under Rule 24(b) to oppose a motion for leave to add the non-party as defendant because the non-party's defenses to the proposed claims involved common questions to the proposed claims and the intervention would not expand the scope of the lawsuit but instead "expedite the progress of the suit." *Id.*

So too here. Lexington seeks to intervene to challenge the propriety of Plaintiffs' proposed supplemental complaint, which necessarily involves questions of law common to the proposed supplemental complaint itself. Moreover, the intervention would not unduly delay or prejudice the lawsuit. Rather, allowing Lexington to oppose Plaintiffs' motion would "expedite the progress of the suit" by resolving threshold issues regarding jurisdiction and indispensable parties.

For the foregoing reasons, Lexington respectfully requests that this Court grant its motion to intervene for the limited purpose of opposing Plaintiffs' motion for leave, and enter an order

permitting Lexington to file an opposition to Plaintiffs' motion within 21 days of the Court's resolution of the motion to intervene.

Respectfully submitted, this 11th day of March, 2024.

*/s/ Kelsey L. Kingsbery*
Kelsey L. Kingsbery
N.C. Bar No.: 51736
**ALSTON & BIRD LLP**
555 Fayetteville Street, Suite 600
Raleigh, North Carolina 27601
Telephone: 919-862-2227
Facsimile: 919-862-2260
E-mail: kelsey.kingsbery@alston.com

*Attorney for Movant Lexington Insurance Company*

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Local Rule 7.2(f)(3)(a), counsel for Lexington Insurance Company hereby certifies that the foregoing memorandum, which was prepared using Times New Roman 12-point proportional font, contains fewer than 8400 words.

/s/ *Kelsey L. Kingsbery*
Kelsey L. Kingsbery
N.C. Bar No.: 51736
**ALSTON & BIRD LLP**
555 Fayetteville Street, Suite 600
Raleigh, North Carolina 27601
Telephone: 919-862-2227
Facsimile: 919-862-2260
E-mail: kelsey.kingsbery@alston.com

*Attorney for Movant Lexington Insurance Company*

## CERTIFICATE OF SERVICE

This is to certify that this day, March 11, 2024 I electronically filed the foregoing MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AND TO EXTEND DEADLINE TO RESPOND TO PLAINTIFFS' MOTION FOR LEAVE with the Clerk of the Court using the CM/ECF system which will send notification of such filing and effectuate service to all counsel of record in this matter.

*/s/ Kelsey L. Kingsbery*
Kelsey L. Kingsbery
N.C. Bar No.: 51736
**ALSTON & BIRD LLP**
555 Fayetteville Street, Suite 600
Raleigh, North Carolina 27601
Telephone: 919-862-2227
Facsimile: 919-862-2260
E-mail: kelsey.kingsbery@alston.com

*Attorney for Movant Lexington Insurance Company*