IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-451-BO

RAYMOND TARLTON, as guardian ad litem for )
HENRY LEE MCCOLLUM, *et al.*, )
)
         Plaintiffs, )
)
v. )    O R D E R
)
LEROY ALLEN, *et al.* )
)
         Defendants. )
)
and )
)
JEFFERSON INSURANCE COMPANY, *et al.*, )
)
         Supplemental Defendants. )

This cause comes before the Court on a motion by supplemental defendants Lexington Insurance Company and Jefferson Insurance Company to certify for immediate appeal the Court's 31 May 2024 order granting plaintiffs' motion for leave to file a supplemental complaint. Plaintiffs have responded in opposition, the moving supplemental defendants have replied, and the motion is ripe for ruling. For the reasons that follow, the motion is denied.

BACKGROUND

The Court dispenses with a recitation of the procedural and factual background of this matter. The moving supplemental defendants request that the Court certify two issues of law for interlocutory appeal:

    i.    Whether a policyholder is an indispensable party to a suit against the insurer by a judgment creditor under Rule 19(b); and

ii. Whether a federal court has subject-matter jurisdiction over new and independent claims against new defendants asserted for the first time post-judgment.

## DISCUSSION

Courts may certify interlocutory orders for appeal when they "involve[] a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also In re Pisgah Contractors, Inc.*, 117 F.3d 133, 136–37 (4th Cir. 1997). A controlling question of law is "a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, *5 (4th Cir. 1989) (unpublished). Additionally, certification of an interlocutory appeal is "appropriate where 'the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts.'" *United States ex rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 340–41 (4th Cir. 2017) (citation omitted). Interlocutory review is not appropriate where there is a disagreement as to whether there are genuine issues of material fact or "whether the district court properly applied settled law to the facts or evidence of a particular case." *Id.* at 341.

The requirements of § 1292(b) are to be strictly construed, *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989), and, even if the requirements are satisfied, a district court retains discretion to decline to certify an interlocutory appeal. *See State of N.C. ex rel. Howes v. W.R. Peele, Sr. Trust*, 889 F. Supp. 849, 852 (E.D.N.C. 1995). The moving party bears "the burden of persuading the court that exceptional circumstances justify a departure" from the general policy against piecemeal appeals. *Id.* at 853.

The moving parties have not satisfied their burden to persuade the Court that a departure from the general policy against piecemeal appeals is warranted in this case. In particular, the moving parties have not demonstrated that there is a substantial ground for a difference of opinion as to the Court's holdings. The moving parties rely on *General Star National Insurance Company v. North Carolina Public Officers & Employees Liability Insurance Commission*, 2011 WL 4398163 (W.D.N.C. 2011), to argue that there is a substantial ground for a difference of opinion as to this Court's decision that POELIC is not an indispensable party under Rule 19. The *General Star* court determined that POELIC was a real party in interest under Fed. R. Civ. P. 17(a), and did not analyze whether it was an indispensable party under Rule 19. The moving parties argue that this is a distinction without a difference, but the Court disagrees. This especially true given that the State of North Carolina and POELIC have now settled with plaintiffs in this case. Moreover, "any simple disagreement between courts will not merit certification." *Cooke-Bates v. Bayer Corp.*, No. 3:10BCVB261, 2010 WL 4789838, at *2 (E.D. Va. Nov. 16, 2010).

The same is true when considering the second issue on which the moving parties seek certification. The Court has distinguished *Peacock v. Thomas*, 516 U.S. 349 (1996), in its underlying decision, and whether the moving parties believe the Court's decision is incorrect is not relevant to the § 1292(b) inquiry. The Court recognizes that this issue presents a closer question. *See Cont'l Indem. Co. v. BII, Inc.*, 104 F.4th 630, 634 (7th Cir. 2024) ("Attempting to adjudicate new issues of liability against new parties falls outside the scope of ancillary enforcement jurisdiction and therefore cannot be done through certain enforcement proceedings under Rule 69. But at the end of the day, whether a proceeding falls into a federal court's ancillary jurisdiction will be a case-by-case, fact-dependent inquiry."). However, as recognized by the Seventh Circuit, whether ancillary jurisdiction has been satisfied is a fact-dependent inquiry, which

3

by definition does not present a pure question of law appropriate for interlocutory review. *Michaels*, 848 F.3d at 340-41.

Finally, even assuming *arguendo* that the moving parties had established the grounds for filing an interlocutory appeal, the Court would exercise its discretion to deny the motion. The underlying action was filed in 2015, the verdict in plaintiffs' favor was entered in 2021, and the State of North Carolina and POELIC have settled with plaintiffs. The Court has been presented with no persuasive argument that a delay in rendering a final decision on any aspect of the supplemental complaint is warranted.

## CONCLUSION

Accordingly, for the foregoing reasons, the motion to certify for an interlocutory appeal [DE 570] is DENIED.

SO ORDERED, this __11__ day of September 2024.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE