**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

| | |
|---|---|
| J. DUANE GILLIAM, Guardian of the Estate of Leon Brown, RAYMOND C. TARLTON, Guardian Ad Litem for HENRY LEE MCCOLLUM, and KIMBERLY PINCHBECK, as Limited Guardian and Conservator of the Estate of Henry Lee McCollum, | **Case No. 5:15-CV-00451-BO** |
| Plaintiffs, | |
| and | |
| ELISA SALMON, Court-Appointed Receiver, | |
| Cross-Claimant, against LEXINGTON INSURANCE COMPANY, | **CONSENT** |
| v. | **PROTECTIVE ORDER** |
| ROBESON COUNTY, TOWN OF RED SPRINGS, KENNETH SEALEY, both Individually and in his Official Capacity as the Sheriff of Robeson County, LARRY FLOYD, LEROY ALLEN, PAUL CANADAY, Administrator C.T.A. of the Estate of Luther Haggins, ROBERT PRICE, Administrator C.T.A. of the Estate of Joel Garth Locklear, Sr., CHARLOTTE NOEL FOX, Administrator of the Estate of Kenneth Snead, | |
| Defendants, | |
| and | |
| JEFFERSON INSURANCE COMPANY, NATIONAL CASUALTY COMPANY, GENERAL STAR NATIONAL INSURANCE COMPANY, CLARENDON NATIONAL INSURANCE COMPANY, | |
| Supplemental Defendants. | |
| LEXINGTON INSURANCE COMPANY, | |
| Crossclaim and Supplemental Defendant | |

1

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and with the consent of the Parties, and for good cause shown.

**IT IS HEREBY ORDERED** that:

**WHEREAS**, in the course of this Action, Plaintiffs, Cross-Claimant, Defendants, and Supplemental Defendants (collectively, the "Parties") may possess, have previously obtained, seek or be required to disclose information that a Party regards as Confidential Information as defined below;

**WHEREAS**, the Parties desire to establish a mechanism to protect the disclosure of Confidential Information;

**WHEREAS**, the Court further finds that the procedures set forth herein are adequate to safeguard against the unauthorized use, disclosure, or subsequent dissemination of Confidential Information;

**WHEREAS**, this Consent Protective Order requires that any use or disclosure of Confidential Information be made consistent with the terms of this Consent Protective Order and the requirements of the Federal Rules of Civil Procedure;

**IT IS HEREBY AGREED**, by and between the Parties, through their undersigned counsel of record, that this Consent Protective Order shall govern the disclosure of the Parties' Confidential Information, and that the dissemination of such information beyond the parameters established by this Consent Protective Order or the use of such information for any purpose other than the prosecution or defense of this Action shall be and is prohibited.

**<u>DEFINITIONS</u>**

1.    "Action" means the above captioned matter.

2.      "Confidential Information" means information not generally available to the public that remains relevant in the Party's trade or business, which information the Party believes in good faith constitutes private personal information or has competitive value. A document has "competitive value" if its disclosure could provide a party's competitors with a competitive edge. A document contains "private personal information" if it contains information that is legally protected and that should not generally be available to the public, such as tax returns and information protected by the Health Insurance Portability and Accountability Act ("HIPAA").

4.      "Counsel" means an employed or retained attorney for a Party and includes Counsel's support staff.

5.      "Documents," as used herein, is intended to be comprehensive and includes any and all materials in the broadest sense contemplated by Rule 34 of the Federal Rules of Civil Procedure, and shall include all written, oral, recorded, or graphic material, however produced or reproduced, including, but not limited to: all written or printed matter of any kind, including the originals and all non-identical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise; software; computer data, including, but not limited to, information stored in a computer at any time; all graphic or manual records or representations of any kind, including, but not limited to, photographs, microfiche, microfilm. videotape, records, and motion pictures; electronic, mechanical, or electric records or representations of any kind, including, but not limited to, cassettes, discs, magnetic cards and recordings, optical and other media; and all drafts, alterations, modifications, changes, and amendments to any of the foregoing.

6.      "Expert" means a person who has been retained by Counsel or a Party, at the direction of Counsel, to provide consultation or expert testimony for purposes of this litigation

including any and all trials and appeals, and who has signed a copy of Exhibit A to this Consent Protective Order.

7.    "Party" means any named parties to the Action, including any named party added or joined to the Action.

8.    "Producing Party" means any Party or Third Party that is providing testimony, producing documents and things, or making things and premises available for inspection.

9.    "Receiving Party" means any Party hearing the testimony, or to which documents and things are being produced, or that is inspecting things and premises.

10.   "Third Party" means a person or entity that is not a Party as defined in this Consent Protective Order.

**GENERAL PROVISIONS**

1.    **Scope.** This Consent Protective Order shall govern all documents containing Confidential Information that are in the possession of a Party or their Counsel, obtained by a Party or their Counsel or produced to a Party, and all Confidential Information that is supplied in any form (including, but not limited to, documents and information produced by a Party or Third Party, disclosed through testimony, or contained in pleadings, briefs, or other documents filed with the Court) in this case for purposes of discovery or otherwise. For the avoidance of doubt, this Protective Order does not impact or supersede the Protective Orders previously entered in this case. Dkt. 110, 112.

2.    **Categories of Confidential Information.** This Order creates (2) categories of Confidential Information.

a. The designation "Confidential," as used in this Order, is defined to include information or materials that constitute or contain confidential business information, including trade secrets or

4

commercial or financial information that may be entitled to confidential treatment. This designation may also include information or materials that comprise certain proprietary, confidential, or sensitive information that is legally protected and that should not generally be available to the public, such as tax returns and information protected by the Health Insurance Portability and Accountability Act ("HIPAA"). The designation shall be made by affixing on the first page of the document or material containing Confidential Information, and upon each page so designated, a legend that in substance states: "CONFIDENTIAL," or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." A document or material so designated is a "Confidential Document," as used in this Order. Documents that are available to the public or that have not previously been kept in a confidential manner shall be exempt from the provisions of this paragraph.

b. The parties acknowledge that there will be information or materials for which a higher level of protection is required ("Attorneys' Eyes Only"). This designation should be used only for information or materials comprising competitively sensitive financial information that is generally not known by third parties and that the Producing Party would not normally reveal to third parties or would require third parties to maintain in confidence either by agreement, policies, or procedures. This designation may include financial, accounting, and pricing information regarding the underwriting of policies that is not publicly available. Attorneys' Eyes Only documents shall be designated by affixing to each page of the document or material containing such information, and upon each page so designated, a legend that in substance states: "ATTORNEYS' EYES ONLY." Documents that are available to the public or that have not previously been kept in a confidential manner shall be exempt from the provisions of this paragraph.

5

3. **Use of Confidential Information.** All documents, things or contents thereof possessed, obtained, produced, or to be produced, by a Party or a Third Party in connection with this Action, that contain Confidential Information shall be used or disclosed solely for the purpose of this Action and in accordance with the terms of this Consent Protective Order. However, Supplemental Defendants may use documents designated "Confidential" or "Attorneys' Eyes Only" to collect reinsurance and/or satisfy the Supplemental Defendants' obligations or the obligations of any reinsurer or retrocessionaires of the Supplemental Defendants to comply with any legal or regulatory disclosure requirement of any federal, state or local governmental taxing authority or regulatory agency authorized to review the records and/or documents of any Supplemental Defendant, including any records or documents related to the Action.

4. **Manner of Designating Confidential Information.**

(a) The Producing Party shall designate any Confidential Information contained in physical objects or documents provided in response to discovery requests by stamping, marking or affixing on each page, container, physical representation, or depiction of, the legend "Confidential" or "Attorneys' Eyes Only" consistent with the definition of that term in this Consent Protective Order. Where impracticable because of the form in which the information exists and is produced, the Producing Party shall inform the Receiving Party in writing of the "Confidential" or "Attorneys' Eyes Only" designation in advance of or contemporaneously with, the production of the information.

(b) Confidential Information revealed at a deposition upon oral examination shall be designated by either: (i) specifying on the record at the deposition that Confidential Information is being revealed, or (ii) by giving written notice to the Parties of the transcript pages containing such Confidential Information within fourteen (14) days of receiving the transcript of

6

the deposition. All deposition testimony shall be treated as Confidential Information until the 15th day after the Party whose Confidential Information was revealed receives the transcript. The use and disclosure of such designated portions shall be governed by the same rules that govern the use or disclosure of Confidential Information included in documents as described herein.

(c)     A Party shall only designate as "Confidential" or "Attorneys' Eyes Only" that information that the Party in good faith believes is within the scope of the definitions of that term described in this Consent Protective Order.

5.     **Application for Designation of "Confidential" or "Attorneys' Eyes Only" or Relief from Designation.** A Party shall not be obligated to challenge the propriety of any designation of "Confidential" or "Attorneys' Eyes Only"-at the time the designation is made, and failure to do so shall not preclude a subsequent challenge to the designation. If any Receiving Party believes that particular discovery material designated as "Confidential" or "Attorneys' Eyes Only" should not be treated as such, or if the Receiving Party believes that discovery material should be so designated but was not, then the Receiving Party may so notify the Producing Party in writing and state the basis for that conclusion ("Notice"). Counsel shall confer within five (5) business days of receipt of the Notice in an attempt to resolve any differences with regard thereto. If no resolution is reached within the five (5) business days ("Impasse Date"), counsel for the Receiving Party challenging the designation may seek a court order denying or granting "Confidential" or "Attorneys' Eyes Only"-treatment, as applicable. Such application shall be made within five (5) business days of the Impasse Date. The material that is subject to the motion shall continue to be treated as "Confidential" or "Attorneys' Eyes Only" or as otherwise designated by the Producing Party pending the Court's ruling. Where the Producing Party designates documents as "Confidential" or "Attorneys' Eyes Only," it shall be the burden of the Producing Party to

7

demonstrate that the subject matter of the material is Confidential Information. Where the Receiving Party seeks to designate a Document that was not designated by the Producing Party, it shall be the burden of the Receiving Party to demonstrate that the subject matter of the material is Confidential Information.

6. **No Admission or Waiver.** The designation of "Confidential" or "Attorneys' Eyes Only" by a Party or Third Party is intended solely to facilitate compliance with discovery in this action. Neither such designation nor treatment in conformity with such designation shall be construed as an admission or agreement by any Party or Third Party that the designated information constitutes or contains any Confidential Information. Inadvertent failure to so designate such information shall not constitute a waiver of any claim by a Producing Party that such information is Confidential Information; the Producing Party shall have a reasonable opportunity to correct such failure after becoming aware of it as detailed below. In addition, this Protective Order shall not be deemed as an admission, representation, or other statement regarding the merits of any claim, counterclaim, or cross-claim asserted by or against any Party or Third Party related to this Action. In particular, by entering into this Consent Protective Order, neither Party shall waive any claims that Documents obtained prior to the Court's entry of this Protective Order were obtained illegally, nor shall either Party be deemed to admit that any such documents may be used in connection with this Action.

7. **Inadvertent Production.**

(a) If a Producing Party inadvertently produces or provides discovery of any Confidential Information without labeling or marking it with the appropriate legend or properly designating it as provided herein, the Producing Party may give written notice to the Receiving Party that the document, thing, or other discovery information, response or testimony should be

8

treated in accordance with the provisions of this Consent Protective Order. The Receiving Party must treat such document, thing, or other discovery information, response or testimony as designated from the date such notice is received. Disclosure of such documents, things, or other discovery information, responses or testimony prior to receipt of such notice to a person not authorized to receive such hereunder shall not be deemed a violation of this Consent Protective Order. However, those persons to whom disclosure was made are to be advised that the material must thereafter be treated in accordance with this Consent Protective Order.

(b)    Inadvertent production of documents or things that are subject to the attorney-client privilege, work product doctrine, joint defense privilege or any other applicable privilege or protection shall not constitute a waiver by that Party of any claim that the documents are privileged or protected. Upon being notified in writing of the inadvertent production, the Receiving Party or Parties will promptly return all copies of the documents at issue. Return of the document(s) by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege, work product protection, joint defense privilege or any other privilege or protection, nor shall it preclude any Party from applying to the Court for an order that such document or thing has been improperly designated or should be produced for reasons other than waiver caused by the inadvertent disclosure.

8.    **Disclosure of Designated Information.**

Documents designated "Confidential" may be disclosed only to the following additional persons or entities and is limited as detailed below:

(a)    This Court or the jury at trial or as exhibits to motions;

9

(b)     Court reporters, outside copying or exhibit preparation services, interpreters or translators whose function requires them to have access to Confidential Information;

(c)     Counsel and their support personnel;

(d)     the Named Parties and their employees;

(e)     Any person agreed to in writing by the Parties;

(f)     Experts and consultants as provided below; and

(g)     Any employees, attorneys and accountants (whether in-house or otherwise retained), experts or auditors of any reinsurer or retrocessionnaire of any Supplemental Defendant in the Action with an interest or potential interest in the outcome of the Action and/or the employees of any federal, state or local governmental taxing authority or regulatory agency authorized to review the records and/or documents of any respondent in the Action, including any records or documents related to the Action.

(h)     Any person from whom testimony is taken or is to be taken, except that such a person may only be shown confidential information during and in preparation for his/her testimony and may not retain the Confidential Information;

Documents designated "Attorneys' Eyes Only" may be disclosed only to the following additional persons or entities and is limited as detailed below:

(a)     This Court or the jury at trial or as exhibits to motions ;

(b)     Counsel and their support personnel;

(c)     The Named Parties;

(d)     Any person agreed to in writing by the Parties;

(e)     Experts and consultants as provided below; and

10

(f)     Court reporters and their staff who require access to Confidential Information.

(g)     Any employees or officers of the Supplemental Defendants whose job duties require the review of Attorneys' Eyes Only Documents or information derived from Attorneys' Eyes Only Documents.

(h)     Any employees, attorneys and accountants (whether in-house or otherwise retained), experts or auditors of any reinsurer or retrocessionnaire of any Supplemental Defendant in the Action with an interest or potential interest in the outcome of the Action and/or the employees of any federal, state or local governmental taxing authority or regulatory agency authorized to review the records and/or documents of any respondent in the Action, including any records or documents related to the Action.

9.     **Third Parties Must Agree to be Bound.** Prior to any disclosure of documents designated "Confidential" or "Attorneys' Eyes Only" to Third Parties in accordance with this Consent Protective Order, such Third Parties shall agree to be bound by this Consent Protective Order by executing the Acknowledgement in the form attached as Exhibit A to this Consent Protective Order.

10.     **Additional Permissible Disclosure.** Nothing in this Consent Protective Order shall prevent a Party from using Confidential Information in connection with litigating this Action, at trial or during a hearing or appeal or deposition. Documents or things designated "Confidential" or "Attorneys' Eyes Only" used during a deposition or at trial may be disclosed to: (i) persons listed on the face of the documents as originators, authors or recipients of such documents; (ii) persons otherwise shown to be originators, authors, or recipients of such documents; (iii) employees of the Producing Party or their Counsel; (iv) former employees of the Producing Party

11

if the document or materials being disclosed pertain to matters with which the former employee was involved; or (v) any witness including, but not limited to, expert witnesses, who will be providing testimony and have agreed to be bound by this Consent Protective Order.

11.  **Treatment of Confidential Information.**

The possessor or recipient of any documents designated "Confidential" or "Attorneys' Eyes Only"-shall maintain in a secure and safe area and shall exercise the same standard of due and proper care with respect to confidentiality, storage, custody, use, or dissemination of such information the recipient exercises with respect to his/her own proprietary and confidential information.

12.  **Experts and Consultants.** Experts, consultants, or vendors and their staffs whose advice, consultation and/or services are being, or will be, used in preparation for and at trial of or at any hearing in this case may have access to documents designated "Confidential" or "Attorneys' Eyes Only" pursuant to the procedure set forth below. Each such expert or consultant shall read this Consent Protective Order and execute the Acknowledgement in the form attached as Exhibit A prior to obtaining access to any documents designated "Confidential" or "Attorneys' Eyes Only.". Each such Acknowledgement executed by a Party's expert(s) or consultant(s) shall be retained by counsel on whose behalf the expert or consultant was retained so as to be available to the Court in the event of any dispute regarding disclosure or use of documents designated "Confidential" or "Attorneys' Eyes Only".

13.  **Effect on Discovery.** This Consent Protective Order shall not preclude or limit the right of a Party to oppose discovery on any ground available.

14.  **Depositions.** Whenever any documents, information or other things designated "Attorneys' Eyes Only" are to be discussed or disclosed in a deposition, either Party may exclude

12

from the deposition any person—other than the deponent—who is not entitled to have access to such document, information, or other things designated. A Party may object to the other Party's exclusion of a person, at which time the matter will be brought to the Court's attention for resolution, during the pendency of which the disclosure of the Confidential Information shall not be made in that person's presence.

15. **No Waiver of Judicial Protection.** Nothing herein shall prevent any Party from applying to the Court for judicial protection of documents and information.

16. **Additional or Alternative Persons Under This Consent Protective Order.** The addition of persons who shall be permitted access to Confidential Information in accordance with this Consent Protective Order shall be by written agreement between the Parties to the Action, or by court order.

17. **Filing Documents with the Court.** For the purpose of Paragraph 8(a) it is understood by the parties that any documents which become part of an official judicial proceeding or which are filed with the Court are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law. This Protective Order does not provide for the automatic sealing of such document.

18. **The Consent Protective Order Binding When Signed.** This Consent Protective Order shall be binding on the Parties when signed.

19. **Exception for Public Information.** Nothing in this Consent Protective Order shall be deemed in any way to restrict the use of documents or information which are lawfully obtained or publicly available to a Party independently of discovery in this action, whether or not the same material has been obtained during the course of discovery in the action, and whether or not such documents or information have been designated "Confidential" or "Attorneys' Eyes Only."

13

However, in the event of a dispute regarding such independent acquisition, a person or entity who wishes to use any independently acquired documents, material, duplicates, copies, information or knowledge shall bear the burden of proof to establish such independent acquisition.

20. **Disclosure in Other Actions.** If any Receiving Party (a) is subpoenaed in another action, or (b) is served with a demand in another action to which he or it is a party, or (c) is served with any other legal process by one not a Party to this Action, seeking information produced or designated as "Confidential" or "Attorneys' Eyes Only" by someone other than the Receiving Party, the Receiving Party shall give actual written notice (by hand, facsimile transmission or electronic mail transmission) of same to the Producing Party within five (5) business days of receipt of such subpoena, demand, or legal process. The Receiving Party shall not produce any of the Producing Party's Confidential Information, unless otherwise ordered by a court of competent jurisdiction, for a period of at least seven (7) business days after providing the required notice to the Producing Party. If, within seven (7) business days of receiving such notice, the Producing Party gives notice to the Receiving Party that the Producing Party opposes production of its Confidential Information, the recipient shall not thereafter produce such information except pursuant to a court order requiring compliance with the subpoena, demand, or other legal process. The Producing Party shall be solely responsible for asserting any objections to the requested production. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Consent Protective Order to challenge or appeal any order requiring production of Confidential Information or to seek any relief from this Court, and nothing herein shall be construed as subjecting such person to any penalties for non-compliance with any legal process or order.

14

21.     **Termination of Litigation and Survival of Terms.**

(a)     The restrictions provided for herein shall not terminate upon the conclusion of this Action, but shall continue until further court order, provided, however, that this Consent Protective Order shall not be construed to: (i) prevent any Party or its Counsel from making use of information which was lawfully in its possession prior to its disclosure by the Producing Party; (ii) apply to information which has appeared in public records or printed publications, or becomes publicly known other than as a result of disclosure by the Producing Party under this Consent Protective Order; or (iii) apply to information that any Party or its Counsel have, after disclosure by the Producing Party, lawfully obtained from a Third Party having the right to disclose such information.

(b)     The Court shall have jurisdiction to enforce the terms of this Consent Protective Order following the final termination of the Action.

(c)     Except as otherwise provided by this Order, after final termination of the Action, by a final judgment from which no further appeal has been or can be taken, or otherwise, all documents and information designated "Confidential" or "Attorneys' Eyes Only"–shall be returned within sixty (60) calendar days to the Producing Party along with any copies thereof, or the destruction of the documents and information shall be certified in writing to the opposing Party or Parties. All documents prepared by Counsel or experts and consultants designated herein, containing summaries, abstracts or quotations from documents designated by a Party as protected by this Consent Protective Order, shall be destroyed within this same time period. Notwithstanding the foregoing, upon final termination of the Action by entry of a final judgment from which no further appeal has been or can be taken, a Receiving Party's Counsel may retain one copy or sample of all material designated "Confidential" or "Attorneys' Eyes Only" and may retain all documents,

15

things, copies and samples to the extent they include or reflect the Receiving Party's Counsel's work product. With respect to any such retained material, this Consent Protective Order shall survive the final termination of the Action to the extent the information in such material is not or does not become known to the public by means other than disclosure by the Receiving Party's Counsel or any other person authorized to receive such material pursuant to this Consent Protective Order.

(d) Supplemental Defendants may retain documents designated "Confidential" or "Attorneys' Eyes Only" produced in this Action, and documents with information derived from those documents, after the final termination of the Judgment, by a final judgment from which no further appeal has been or can be taken, or otherwise, that are maintained in the ordinary course of their business. With respect to any such retained material, this Consent Protective Order shall survive the final termination of the Action to the extent the information in such material is not or does not become known to the public by means other than disclosure by the Receiving Party's Counsel or any other person authorized to receive such material pursuant to this Consent Protective Order.

(e) Neither the termination of the Action nor the termination of employment of any person who had access to any Confidential Information shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on use of anything disclosed pursuant to this Consent Protective Order.

22. **Application to Third Parties Producing Information.** The terms of this Consent Protective Order shall be applicable to any Third Party that produces information to a Party in this action that is designated by such Third Party as containing Confidential Information. For the avoidance of doubt, this provision does not authorize Plaintiffs to disclose the State Bureau of

16

Investigation's File or the North Carolina Innocence Inquiry Commission' file without receiving the consent of the State Bureau of Investigation or the North Carolina Innocence Inquiry Commission.

23. **Reservation of Rights.** Nothing in this Consent Protective Order shall be construed as an agreement to or authorization of any Party's or Third Party's entitlement to possession of any information obtained in any manner other than through formal discovery in connection with this Action, including but not limited to information that is considered or designated under the terms of this Consent Protective Order as "Confidential" or "Attorneys' Eyes Only."

SO ORDERED, this ___7___ day of ___January___, 2025.

_Terrence Boyle_
TERRENCE W. BOYLE
United States District Judge

SEEN AND AGREED:

*/s/ Kelsey L. Kingsbery*

Kelsey L. Kingsbery
N.C. State Bar No. 51736
555 Fayetteville Street, Suite 600
Raleigh, North Carolina 27601
Telephone: 919-862-2227
Facsimile: 919-862-2260
E-mail: kelsey.kingsbery@alston.com

Alexander S. Lorenzo
New York Bar No. 4426094
90 Park Avenue
New York, NY 10016
Telephone: 212-210-9400
Facsimile: 212-210-9444
Email: alexander.lorenzo@alston.com

*Attorneys for Lexington Insurance Company*

17

/s/ *Elliot S. Abrams (with permission)*    .

CHESHIRE PARKER SCHNEIDER, PLLC

ELLIOT ABRAMS (N.C. State Bar No. 42639)
133 Fayetteville Street, Suite 400
Raleigh, North Carolina 27601
Telephone: (919) 833-3114
Email: elliot.abrams@cheshirepark.com

COVINGTON & BURLING LLP

SETH TUCKER (stucker@cov.com)
TYLER WEINBLATT (tweinblatt@cov.com)
JUDY BAHO (jbaho@cov.com)
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-6000

DAVID A. LUTTINGER JR. (dluttinger@cov.com)
ALICIA OLIA (aolia@cov.com)
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Telephone: (212) 841-1000

*Attorneys for Plaintiffs Henry Lee McCollum
and Leon Brown and Cross-Claimant Elisa Salmon*

GOLDBERG SEGALLA LLP

/s/ *David L. Brown (with permission)*    .
David L. Brown (N.C. State Bar No. 18942)
Martha P. Brown (N.C. State Bar No. 20063)
701 Green Valley Road, Suite 310
Greensboro, NC 27408
Telephone: 336-419-4900
Fax: 336-419-4950
Email: dbrown@goldbergsegalla.com
Email: mpbrown@goldbergsegalla.com

*Attorneys for Supplemental Defendant
National Casualty Company*

18

MCANGUS GOUDELOCK & COURIE, PLLC

/s/ Jeffrey B. Kuykendal (with permission)
Jeffrey B. Kuykendal (N.C. State Bar No. 37693)
P.O. Box 30307
Charlotte, NC 28230
704-643-6303
Fax: 704-643-2376
Email: jeffrey.kuykendal@mgclaw.com

*Attorney for Supplemental Defendant*
*Jefferson Insurance Company*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

J. DUANE GILLIAM, Guardian of the Estate of Leon Brown, RAYMOND C. TARLTON, Guardian Ad Litem for HENRY LEE MCCOLLUM, and KIMBERLY PINCHBECK, as Limited Guardian and Conservator of the Estate of Henry Lee McCollum,

        Plaintiffs,

    and

ELISA SALMON, Court-Appointed Receiver,

        Cross-Claimant, against LEXINGTON INSURANCE COMPANY,

    v.

ROBESON COUNTY, TOWN OF RED SPRINGS, KENNETH SEALEY, both Individually and in his Official Capacity as the Sheriff of Robeson County, LARRY FLOYD, LEROY ALLEN, PAUL CANADAY, Administrator C.T.A. of the Estate of Luther Haggins, ROBERT PRICE, Administrator C.T.A. of the Estate of Joel Garth Locklear, Sr., CHARLOTTE NOEL FOX, Administrator of the Estate of Kenneth Snead,

        Defendants,

    and

JEFFERSON INSURANCE COMPANY, NATIONAL CASUALTY COMPANY, GENERAL STAR NATIONAL INSURANCE COMPANY, CLARENDON NATIONAL INSURANCE COMPANY,

        Supplemental Defendants.

LEXINGTON INSURANCE COMPANY,

        Crossclaim and Supplemental Defendant

**Case No. 5:15-CV-00451-BO**

**ACKNOWLEDGEMENT**

I, _____, hereby acknowledge that I have been provided a copy of the Consent Protective Order entered in the above-captioned matter, a copy of which is annexed hereto and incorporated herein by reference.

I further acknowledge that I have read the Consent Protective Order and agree to be bound by the terms and conditions and limitations contained therein regarding the review and disclosure of Confidential Information and to be subject to the personal jurisdiction of the United States District Court for the Eastern District of North Carolina, Western Division.

Date: _____/_____/_____     Signature: _____