| | |
|---|---|
| J. DUANE GILLIAM, Guardian of the Estate of Leon Brown, RAYMOND C. TARLTON, Guardian Ad Litem for HENRY LEE MCCOLLUM, and KIMBERLY PINCHBECK, Limited Guardian and Conservator of the Estate of Henry Lee McCollum,<br><br>Plaintiffs,<br><br>and<br><br>ELISA SALMON, Court-Appointed Receiver,<br><br>Cross-Claimant against LEXINGTON INSURANCE COMPANY,<br><br>v.<br><br>ROBESON COUNTY, TOWN OF RED SPRINGS, KENNETH SEALEY, both Individually and in his Official Capacity as the Sheriff of Robeson County, LARRY FLOYD, LEROY ALLEN, PAUL CANADAY, Administrator C.T.A. of the Estate of Luther Haggins, ROBERT PRICE, Administrator C.T.A. of the Estate of Joel Garth Locklear, Sr., CHARLOTTE NOEL FOX, Administrator of the Estate of Kenneth Snead,<br><br>Defendants,<br><br>JEFFERSON INSURANCE COMPANY, NATIONAL CASUALTY COMPANY, GENERAL STAR NATIONAL INSURANCE COMPANY, and CLARENDON NATIONAL INSURANCE COMPANY,<br><br>Supplemental Defendants,<br><br>and<br><br>LEXINGTON INSURANCE COMPANY,<br><br>Supplemental Defendant and Cross-Claim Defendant. | **CONSENT ORDER APPROVING SETTLEMENT WITH SUPPLEMENTAL DEFENDANT JEFFERSON INSURANCE COMPANY**<br><br>Case No. 5:15-CV-00451-BO |

Pursuant to Local Civil Rule 17.1(b), Plaintiff Henry Lee McCollum ("Plaintiff"), through his guardians and undersigned counsel, move this Court for a Consent Order for Approval of Settlement with Supplemental Defendant Jefferson Insurance Company ("Jefferson"), with the consent of the parties to the proposed settlement agreement.

NOW, upon the Consent Motion of Plaintiff, the Court finds as follows:

1. Raymond Tarlton was appointed as Guardian Ad Litem for Plaintiff on May 10, 2017. DE 204.

2. The Court added Kimberly Pinchbeck, as Limited Guardian and Conservator of the Estate of Plaintiff, as a party to this action on April 26, 2018. DE 283.

3. Plaintiff is represented and is properly before this Court.

4. Supplemental Defendant Jefferson is represented and is properly before this Court.

5. The Court has jurisdiction over the subject matter and all parties to the settlement agreement.

6. Plaintiff has asserted a claim against Jefferson for payment of a portion of the Final Judgment (DE 483) in this case.

7. Plaintiff's undersigned counsel conferred with and explained the terms of the proposed settlement to Plaintiff's guardians, who find that such terms are fair and reasonable and consent to the settlement on behalf of Plaintiff.

8. The terms of the settlement, set out in full in the written settlement agreement attached hereto (the "Proposed Settlement Agreement"), include the following:

   a. Upon the effective date specified in the Proposed Settlement Agreement, Jefferson will pay the agreed amount to Plaintiff;

b. Plaintiff will, upon (i) execution by the parties of the Proposed Settlement Agreement, (ii) approval of the Proposed Settlement Agreement by an order from a court of competent jurisdiction, and (iii) Plaintiff's receipt of the full payment due from Jefferson under the Proposed Settlement Agreement, release Jefferson from further claims for payment of the Final Judgment; and

c. After the Proposed Settlement Agreement becomes effective, the parties will file in court all documents needed to dismiss with prejudice all causes of action each has asserted against the other in (i) this case and (ii) any other legal proceeding arising out of or relating to Plaintiff's claims for payment of the Final Judgment.

9. Given the uncertainty of any recovery, the possibility of no recovery, and the time it would take to recover, the settlement is a fair and reasonable resolution of the disputes between the parties.

10. The services rendered by Plaintiff's attorneys have been extensive, both before and after verdict, including but not limited to more than 550 hours before verdict and more than 140 hours since the verdict by attorney Elliot S. Abrams of Cheshire Parker Schneider, PLLC. The legal fee requested to be paid out of this settlement is $120,000 to Cheshire Parker Schneider, PLLC, which amount is fair and reasonable in light of the work performed, the novelty and difficulty of the questions presented, the skill required to perform the necessary legal services, the preclusion of other employment by the lawyer due to acceptance of the case, the customary fee for similar work, the contingency of the fee, the time pressures imposed in the case, the award involved and the results obtained, the experience, reputation, and ability of the lawyer, the nature and length of the professional relationship between the lawyer and the client, and the fee awards made in similar cases. The guardians each approve and request court approval of this legal fee.

NOW, UPON THE FOREGOING, IT IS HEREBY ORDERED:

The proposed settlement between Plaintiff, through his guardians, and Supplemental Defendant Jefferson, through its counsel, is hereby APPROVED.

SO ORDERED this the **3** day of **March**, 2025.

*Terrence Boyle*
TERRENCE W. BOYLE
United States District Judge