IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-451-BO

RAYMOND TARLTON, as guardian ad litem for )
HENRY LEE MCCOLLUM, *et al.*, )
)
Plaintiffs, )
)
v. ) ORDER
)
LEROY ALLEN, *et al.* )
)
Defendants. )
)
and )
)
JEFFERSON INSURANCE COMPANY, *et al.*, )
)
Supplemental Defendants. )

This cause comes before the Court on a motion to dismiss the amended supplemental complaint and a motion to dismiss the crossclaims of the court-appointed receiver filed by supplemental defendant Lexington Insurance Company. [DE 606; DE 608]. The appropriate responses and replies have been filed, or the time for doing so has expired, and the motions are ripe for disposition. For the reasons that follow, both motions are denied.

## BACKGROUND

The Court dispenses with a full recitation of the factual and procedural background of this action. Supplemental defendant Lexington Insurance Company (Lexington) first seeks to dismiss the claims against it alleged in the amended supplemental complaint pursuant to Fed. R. Civ. P. 12(b)(7). [DE 595; DE 606]. Lexington also seeks to dismiss the crossclaims of the court-appointed receiver, also pursuant to Rule 12(b)(7).

In both motions, Lexington contends that North Carolina's Public Officers and Employees Liability Insurance Commission (POELIC), *see* N.C. Gen. Stat. § 58-32-10, is an indispensable party without which the amended supplemental complaint and the crossclaims cannot proceed. Lexington has previously argued in this case that POELIC is an indispensable party because it is the policyholder of the policies under which plaintiffs seek coverage. The Court has rejected that argument. Lexington now argues that POELIC is an indispensable party to this action because of a reformation agreement entered into by POELIC and Lexington regarding policies Lexington issued to POELIC. Plaintiffs and the receiver allege that Lexington has breached the subject policies by failing to provide claims-made coverage for the underlying judgment in this action and that the agreement to reform the policies was a scheme which was executed in bad faith. Lexington argues that, for plaintiffs and the receiver to prevail, the Court will have to invalidate the reformation agreement and that POELIC must, therefore, be a party to this suit.

## DISCUSSION

A civil action may be dismissed for failure to join a party under Rule 19 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(7).[1] Rule 19 provides for a "a two-step inquiry" which asks "first whether the nonjoined party is necessary under Rule 19(a) and then whether the party is indispensable under Rule 19(b)." *McKiver v. Murphy-Brown, LLC*, 980 F.3d 937, 950 (4th Cir. 2020) (internal quotations and citations omitted). "If the nonjoined party is necessary and indispensable to the action, but joinder would destroy subject matter jurisdiction, the court must dismiss the action." *Gunvor SA v. Kayablian*, 948 F.3d 214, 218–19 (4th Cir. 2020). The party moving under Rule 12(b)(7) bears the burden of demonstrating that the absent party is both

---

[1] Lexington's two motions to dismiss are virtually identical, and the Court thus considers them together.

2

necessary and indispensable. *Am. Gen. Life & Acc. Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005).[2]

> A party is necessary to an action if
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> 
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1)(A)-(B).

POELIC has disclaimed an interest in this action. *See* [DE 615-1].[3] POELIC and the State of North Carolina have settled with plaintiffs, neither POELIC nor the State have asserted or intend to assert any claims in this case, nor will POELIC seek to intervene. *Id.* ¶¶ 7-10. Moreover, it is POELIC's and the State's position that the State will not be prejudiced if this case proceeds in its absence and that neither POELIC nor the State needs to be joined. *Id.* ¶¶ 10-11. This dispenses with the inquiry under Rule 19(a)(1)(B). *Sunbelt Rentals, Inc. v. Guzman*, No. 5:20-CV-00070-KDB-DSC, 2020 U.S. Dist. LEXIS 167059, at *5 (W.D.N.C. Aug. 27, 2020) ("It is well established that where the absent party has not claimed an interest, Rule 19(a)(1)(B) does not apply.").

The Court thus need only consider whether Lexington has demonstrated that the Court would be unable to accord complete relief in POELIC's absence. Lexington has not. Lexington

---

[2] Plaintiffs and the receiver do not dispute that POELIC cannot be joined to this action, and that if it is required to be joined the amended supplemental complaint must be dismissed.

[3] The Court may consider evidence on a 12(b)(7) motion. *Marina One, Inc. v. Jones*, 22 F. Supp. 3d 604, 607 (E.D. Va. 2014).

3

argues that the Court is unable to accord complete relief because POELIC is a party to both the insurance contracts and the reformation agreement that are implicated in plaintiffs' and the receiver's claims. Lexington relies on cases which have held that complete relief cannot be accorded among the parties to a contract unless all of the parties to the contract are joined in the action. *See, e.g., Power Paragon, Inc. v. Precision Tech. USA, Inc.*, Civil Action No. 7:08CV00542, 2009 U.S. Dist. LEXIS 21363, at *48 (W.D. Va. Mar. 17, 2009). But POELIC has settled with plaintiffs, and thus it has no interest to protect. "It is well settled that the absent party must have an interest in the litigation to fall within the 'required party' status under Rule 19." *Selective Ins. Co. of Am. v. Johnson*, Civil Action No. 9:23-6458-RMG, 2024 U.S. Dist. LEXIS 145182, at *4 (D.S.C. Mar. 19, 2024) (noting in insurance declaratory judgment action that the absent parties had settled, and thus had no stake in the litigation); *see also Dean v. City of Kenova*, No. 3:21-0197, 2022 U.S. Dist. LEXIS 72098, at *7 (S.D. W. Va. Apr. 19, 2022) (party with whom plaintiff had settled was not necessary under Rule 19(a)).

Moreover, joinder under Rule 19(a) is only required where the absent party prevents a court from according complete relief as between the parties already joined. Fed. R. Civ. P. 19(a). "A court can afford complete relief without an absent party's joinder if the absence 'does not prevent the plaintiff[s] from receiving their requested . . . relief.'" *Graham v. Haaland*, No. 23-cv-168-RAW-DES, 2023 U.S. Dist. LEXIS 245379, at *5 (E.D. Okla. Sep. 14, 2023) (quoting *Sac and Fox Nation of Mo. v. Norton*, 240 F.3d 1250, 1258 (10th Cir. 2001)). Lexington has not demonstrated that the Court cannot fashion a judgment on plaintiffs' and the receiver's claims against it in the absence of POELIC.

Accordingly, the Court concludes that POELIC is not a necessary party under Rule 19(a). But even if POELIC is a necessary party, it is not indispensable under Rule 19(b). First, this Court

4

has already concluded that it can, in equity and good conscience, permit this action to proceed among the existing parties. Fed. R. Civ. P. 19(b). Though Lexington argues that the Court has not previously considered its argument that the reformation agreement, rather that the insurance contracts, renders POELIC an indispensable party, this is really a distinction without a difference. Even so, and considering again the four factors outlined in Rule 19(b)(1) "construed in light of the equities" of this case, *Gunvor SA*, 948 F.3d at 221, the Court finds that dismissal is not warranted because POELIC is not indispensable.

When determining whether a necessary party is indispensable, a court considers the following factors:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>     (A) protective provisions in the judgment;
>     (B) shaping the relief; or
>     (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b)(1)-(4). First, as discussed above, POELIC itself believes it will not be prejudiced if this action proceeds in its absence. And where a party has settled with the plaintiff and the plaintiff has released its claims, there is no prejudice which will ensue from entry of judgment rendered in that party's absence. *See Klaussner Furniture Indus., Inc. v. Cincinnati Ins. Co.*, No. 1:04CV00983, 2006 WL 626072, at *2 (M.D.N.C. Mar. 13, 2006).

Lexington argues that it will suffer prejudice in POELIC's absence because it will be bound by this Court's judgment, but POELIC will not. But, even assuming that Lexington would suffer some prejudice, the Court has previously determined that any prejudice can be lessened or avoided because it can craft a fair and adequate judgment, and, it its current motion, Lexington has failed

to show that this is no longer the case. Moreover, the mere possibility that Lexington may be subject to a theoretical suit in the future, even one which results in an inconsistent judgment, is insufficient to show prejudice that would require dismissal under Rule 19. Indeed, "Rule 19 is not triggered by the possibility of a subsequent adjudication that may result in a judgment that is inconsistent as a matter of logic." *RPR & Assocs. v. O'Brien/Atkins Assocs., P.A.*, 921 F. Supp. 1457, 1464 (M.D.N.C. 1995). The judgment in this case will be based upon the claims alleged by plaintiffs and the receiver against Lexington and will be adequate.

Finally, while plaintiffs and the receiver have an adequate remedy in state court were POELIC found to be indispensable, "the mere availability of an alternate remedy does not suffice to render [the absent party] indispensable under Rule 19(b)." *Key Constructors, Inc. v. Harnett Cnty.*, 315 F.R.D. 179, 185 (E.D.N.C. 2016). In sum, having considered the applicable factors, and mindful that "[d]ismissal of a case [under Rule 19] is a drastic remedy, . . .which should be employed only sparingly", *Teamsters Loc. Union No. 171 v. Keal Driveaway Co.*, 173 F.3d 915, 918 (4th Cir. 1999), the Court determines that POELIC is not an indispensable party. The motions to dismiss under Rule 12(b)(7) are denied.

## CONCLUSION

Accordingly, for the foregoing reasons, Lexington's motions to dismiss under Rule 12(b)(7) [DE 606; DE 608] are DENIED.

SO ORDERED, this __13__ day of March 2025.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6

Case 5:15-cv-00451-BO    Document 648    Filed 03/13/25    Page 6 of 6