IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| J. DUANE GILLIAM, Guardian of the Estate of Leon Brown, RAYMOND C. TARLTON, Guardian Ad Litem for HENRY LEE MCCOLLUM, and KIMBERLY PINCHBECK, Limited Guardian and Conservator of the Estate of Henry Lee McCollum, <br><br> Plaintiffs, <br><br> and <br><br> ELISA SALMON, Court-Appointed Receiver, <br><br>  Cross-Claimant against LEXINGTON INSURANCE COMPANY, <br><br> v. <br><br> ROBESON COUNTY, TOWN OF RED SPRINGS, KENNETH SEALEY, both Individually and in his Official Capacity as the Sheriff of Robeson County, LARRY FLOYD, LEROY ALLEN, PAUL CANADAY, Administrator C.T.A. of the Estate of Luther Haggins, ROBERT PRICE, Administrator C.T.A. of the Estate of Joel Garth Locklear, Sr., CHARLOTTE NOEL FOX, Administrator of the Estate of Kenneth Snead, <br><br>  Defendants, <br><br> JEFFERSON INSURANCE COMPANY, NATIONAL CASUALTY COMPANY, GENERAL STAR NATIONAL INSURANCE COMPANY, and CLARENDON NATIONAL INSURANCE COMPANY, <br><br>  Supplemental Defendants, <br><br> and <br><br> LEXINGTON INSURANCE COMPANY, <br><br>  Supplemental Defendant and Cross-Claim Defendant. | **CONSENT ORDER APPROVING SETTLEMENT WITH SUPPLEMENTAL DEFENDANT NATIONAL CASUALTY COMPANY** <br><br> **Case No. 5:15-CV-00451-BO** |

Pursuant to Local Civil Rule 17.1(b), Plaintiffs Henry Lee McCollum ("McCollum") and Leon Brown ("Brown") (collectively, "Plaintiffs"), through their guardians and undersigned counsel, moved this Court for a Consent Order for Approval of Settlement with Supplemental Defendant National Casualty Company ("NCC"), with the consent of Plaintiffs, through their guardians, and NCC.

NOW, upon the Consent Motion of Plaintiffs, the Court finds as follows:

1. Plaintiff Brown was adjudicated incompetent by the Cumberland County Superior Court, State of North Carolina, on September 1, 2015 and was subsequently assigned J. Duane Gilliam as Guardian of his Estate.

2. Raymond Tarlton was appointed as Guardian Ad Litem for Plaintiff McCollum on May 10, 2017. DE 204.

3. The Court added Kimberly Pinchbeck, as Limited Guardian and Conservator of the Estate of Plaintiff McCollum, as a party to this action on April 26, 2018. DE 283.

4. Plaintiffs are represented and are properly before this Court.

5. Supplemental Defendant NCC is represented and is properly before this Court.

6. The Court has jurisdiction over the subject matter and all parties to the settlement agreement.

7. Plaintiffs have asserted a claim against NCC for payment of a portion of the Final Judgment (DE 483) in this case.

8. Plaintiffs' undersigned counsel conferred with and explained the terms of the proposed settlement to Plaintiffs' guardians, who find that such terms are fair and reasonable and consent to the settlement on behalf of Plaintiffs.

1

9. The terms of the settlement, set out in full in the written settlement agreement attached hereto (the "Proposed Settlement Agreement"), include the following:

   a. Upon the effective date specified in the Proposed Settlement Agreement, NCC will pay the agreed amount to Plaintiffs;

   b. Plaintiffs will, upon (i) execution by the parties of the Proposed Settlement Agreement, (ii) approval of the Proposed Settlement Agreement by an order from a court of competent jurisdiction, and (iii) Plaintiffs' receipt of the full payment due from NCC under the Proposed Settlement Agreement, release NCC from further claims for payment of the Final Judgment; and

   c. After the Proposed Settlement Agreement becomes effective, the parties will file in court all documents needed to dismiss with prejudice all causes of action each has asserted against the other in (i) this case and (ii) *Lexington Insurance Company, et al. v. State of North Carolina, et al.*, Case No. 22-CVS-000646-910, in Wake County Superior Court.

10. Given the uncertainty of any recovery, the possibility of no recovery, and the time it would take to recover, the settlement is a fair and reasonable resolution of the disputes between the parties.

11. The services rendered by Plaintiffs' attorneys have been extensive, both before and after verdict, including but not limited to more than 550 hours before verdict and more than 170 hours since the verdict by attorney Elliot S. Abrams of Cheshire Parker Schneider, PLLC. The legal fee to be paid out of this settlement is $208,000 to Cheshire Parker Schneider, PLLC, which amount is fair and reasonable in light of the work performed, the novelty and difficulty of the questions presented, the skill required to perform the necessary legal services, the preclusion of

other employment by the lawyer due to acceptance of the case, the customary fee for similar work, the contingency of the fee, the time pressures imposed in the case, the award involved and the results obtained, the experience, reputation, and ability of the lawyer, the nature and length of the professional relationship between the lawyer and the client, and the fee awards made in similar cases. The guardians each approve and request court approval of this legal fee.

NOW, UPON THE FOREGOING, IT IS HEREBY ORDERED:

The proposed settlement between Plaintiffs McCollum and Brown, through their guardians, and Supplemental Defendant NCC, through its counsel, is hereby APPROVED, and the proposed attorney fee is hereby APPROVED.

SO ORDERED this the __15__ day of April 2025.

TERRENCE W. BOYLE
United States District Judge