IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-451-BO

| | | |
|---|---|---|
| RAYMOND TARLTON, as guardian ad litem for HENRY LEE MCCOLLUM, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | O R D E R |
| LEROY ALLEN, *et al.* | ) ) | |
| Defendants. | ) ) | |
| and | ) ) | |
| JEFFERSON INSURANCE COMPANY, *et al.*, | ) ) | |
| Supplemental Defendants. | ) | |

This cause comes before the Court on plaintiffs' and receiver's motion to strike, plaintiffs' motion to compel, and Lexington Insurance Company's motion for judgment on the pleadings. [DE 659]; [DE 665]; [DE 678]. The appropriate responses and replies have been filed, or the time for doing so has expired, and a hearing on the motions was held before the undersigned on November 5, 2025, at Raleigh, North Carolina. Additionally, United States Magistrate Judge Meyers has filed a memorandum and recommendation regarding the motion to compel [DE 709], and in this posture each of the foregoing motions is ripe for disposition.

DISCUSSION

The Court dispenses with a recitation of the background of this action, as the parties are well-familiar with this case.

Case 5:15-cv-00451-BO    Document 710    Filed 03/09/26    Page 1 of 7

A. *Plaintiffs' and receiver's motion to strike* [DE 659]

Plaintiffs and receiver seek to strike Lexington Insurance Company's (Lexington) answers and defenses related to mutual mistake for failure to plead mutual mistake with particularity. Plaintiffs and receiver cite numerous paragraphs in Lexington's answer to the supplemental complaint and answer to cross-claims, as well as Lexington's affirmative defense seven and affirmative defense eight to both the supplemental complaint and cross-claims, as containing material which should be stricken.

Federal Rule of Civil Procedure 12(f) allows the court, *sua sponte* or on a motion by the parties, to "strike from a pleading an insufficient defense or any redundant, immaterial, or scandalous matter." Fed. R. Civ. P. 12(f) A motion to strike is not an avenue through which parties are permitted to dispute, or the court is permitted to resolve, questions of fact. *Bell v. Koss*, 2020 WL 4570439, at *5 (S.D.N.Y. 2020). "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (citation omitted).

Plaintiffs and receiver have moved for partial summary judgment against Lexington on two issues which concern Lexington's seventh and eighth affirmative defenses. *See* [DE 692]. In light of the filing of the motion for partial summary judgment, the Court will not consider the drastic remedy of striking portions of Lexington's pleadings. The motion to strike is therefore denied.

B. *Plaintiffs' motion to compel* [DE 665] *and memorandum and recommendation* [DE 709]

Plaintiffs have moved pursuant to Fed. R. Civ. P. 37 to compel Lexington to produce all documents relating to its intent in issuing insurance policies which covered defendants Kenneth Snead and Leroy Allen. Lexington has refused to produce, in whole or in part, 570 documents

2

which it contends are protected by attorney-client privilege or the work product doctrine. Lexington has responded in opposition to the motion to compel, and asserts that the subject documents were properly withheld and that it has provided plaintiffs with a sufficient privilege log.

Rule 37(a) governs motions to compel. "The party resisting discovery bears the burden of showing why it should not be granted." *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 241 (E.D.N.C. 2010). The Court referred in-camera review of these documents to United States Magistrate Judge Meyers and directed him to prepare a memorandum and recommendation (M&R) regarding whether the withheld documents are privileged or otherwise protected from discovery. No party has objected to the M&R, and the time for doing so has expired. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

Magistrate Judge Meyers recommends that Lexington's attorney-client privilege and attorney work product designations be upheld with respect to the documents submitted for in-camera review, except Magistrate Judge Meyers recommends that Lexington be directed to provided to plaintiffs (1) redacted copies of any withheld document of which a duplicate version has already been provided to plaintiffs in redacted form, and (2) a redacted copy of "LEX_00018918" to the extent this document has not already been provided to plaintiffs.

The Court has engaged in a careful review of the M&R as well as the documents provided for in-camera review and finds no basis upon which to reject the recommendation of the magistrate judge. Accordingly, the Court adopts the M&R in full as its own. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). Plaintiff's motion to compel is therefore granted in

3

part and denied in part, and Lexington shall provide to plaintiffs particular documents as outlined in the M&R.

C. *Lexington Insurance Company's motion for judgment on the pleadings* [DE 678]

Lexington seeks judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) on plaintiff's claims for unfair and deceptive trade practices and for common law bad faith. A Rule 12(c) motion is considered under the same standard as a Rule 12(b)(6) motion. *Alexander v. City of Greensboro*, 801 F. Supp. 2d 429, 433 (M.D.N.C. 2011). Thus, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, this standard does not permit a plaintiff to merely plead the elements of a cause of action alongside legal conclusions; the Court need not accept those as true. *Id.* at 555.

The primary distinction between Rules 12(b)(6) and 12(c) is that Rule 12(c) permits a court to consider a defendant's answer in addition to plaintiff's complaint. However, a defendant may not rely on allegations of fact as provided in the answer if they are contradictory to the facts presented in the complaint. *Mendenhall v. Hanesbrands, Inc.*, 856 F. Supp. 2d 717, 724 (M.D.N.C. 2012). "A Rule 12(c) motion tests only the sufficiency of the complaint and does not resolve the merits of the plaintiff's claims or any disputes of fact." *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014). Judgment on the pleadings should be granted therefore only "where the moving party is clearly entitled to the judgment it seeks as a matter of law." *Med-Trans Corp. v. Benton*, 581 F. Supp. 2d 721, 728 (E.D.N.C. 2008).

Lexington argues that plaintiffs lack standing to pursue unfair and deceptive trade practice and bad faith claims against Lexington, an insurer of plaintiffs' judgment debtors. Lexington

4

contends that, as strangers to the insurance policies, plaintiffs lack the necessary contractual privity to assert an unfair and deceptive trade practices (UDTP) or bad faith claim against Lexington, and further that plaintiffs do not fit within any of the exceptions to this rule recognized by North Carolina law based on statutory privity.

To establish a violation of North Carolina's UDTP statute, N.C. Gen. Stat. § 75–1.1, "a plaintiff must show: (1) an unfair or deceptive act or practice, (2) in or affecting commerce, and (3) which proximately caused injury to plaintiffs." *Gray v. N. Carolina Ins. Underwriting Ass'n*, 352 N.C. 61, 68 (2000).

> An insurance company that engages in the act or practice of "[n]ot attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear," N.C.G.S. § 58–63–15(11)(f), also engages in conduct that embodies the broader standards of N.C.G.S. § 75–1.1 because such conduct is inherently unfair, unscrupulous, immoral, and injurious to consumers. *See Marshall,* 302 N.C. at 548, 276 S.E.2d at 403. Thus, such conduct that violates subsection (f) of N.C.G.S. § 58–63–15(11) constitutes a violation of N.C.G.S. § 75–1.1, as a matter of law[.]

*Id.* at 71 (2000). An insurance company can also be liable for bad faith refusal to pay insurance benefits where it has in bad faith refused to pay a valid claim and engaged in aggravating or outrageous conduct. *See Lovell v. Nationwide Mut. Ins. Co.*, 108 N.C. App. 416, 420 (1993).

It is undisputed that plaintiffs are not the named insureds on Lexington's policies with POELIC, and that Snead and Allen, through POELIC, are the direct beneficiaries of Lexington's policies. It is further undisputed that plaintiffs have both obtained a judgment against Snead and Allen, have attempted to execute on that judgment, and that the judgment is unsatisfied. "North Carolina does not recognize a UDTP claim by a third-party against the insurance company of an adverse party *until the third-party obtains a judgment against the insured.*" *Hariri v. State Farm Mut. Auto. Ins. Co.*, No. 3:25-CV-00237-KDB-DCK, 2026 WL 279880, at *3 (W.D.N.C. Feb. 3, 2026) (emphasis added) (citing *Wilson v. Wilson*, 121 N.C. App. 662, 665 (1996) and *Murray v.*

5

*Nationwide Mut. Ins. Co.,*, 123 N.C. App. 1, 14-15 (1996)); *see also Taylor v. N. Carolina Farm Bureau Mut. Ins. Co.*, 181 N.C. App. 343, 345 (2007) ("Plaintiff's privity with Farm Bureau and status as a third-party beneficiary to the insurance policy existed *only until Defendant satisfied its contractual obligations to the extent of the insurance policy provisions.*") (emphasis added). "The same rule applies to bad faith claims." *Id.* (citing *Craven v. Demidovich*, 172 N.C. App. 340, 341-43 (2005)).

Citing *USA Trouser, S.A. de C.V. v. Williams*, 258 N.C. App. 192 (2018), Lexington argues that a judgment creditor lacks standing to bring a UDTP or bad faith claim against the insurer because it is not an intended beneficiary of the contract. In *USA Trouser*, the North Carolina Court of Appeals held that it has neither recognized nor implemented "a general rule that judgments against insureds provide claimants with rights to recover from insurers directly." *Id.* at 197. The North Carolina Court of Appeals has recognized an injured party as a third-party beneficiary of a liability insurance policy in the context of, for example, the state's compulsory vehicle liability insurance laws, whose purpose it is to ensure victims are financially compensated, *see id.* at 197, and "has further recognized the imposition of privity between third parties and insurers sufficient to support a UDTP claim when similar statutory obligations exist for like purposes." *Seguro-Suarez by & through Connette v. Key Risk Ins. Co.*, 261 N.C. App. 200, 214–15 (2018) (citing *Nash Hosps., Inc. v. State Farm Mut. Auto. Ins. Co.*, 254 N.C. App. 726, 734 (2017)).

Contrary to Lexington's argument, however, the Court does not read *USA Trouser* to foreclose the possibility that plaintiffs cannot be recognized as third-party beneficiaries or otherwise in privity under these circumstances. Indeed, the policies at issue here provide that Lexington will pay "all sums which [the insured] shall become legally obligated to pay as damages" even where the insured is bankrupt or insolvent. [DE 595-30] at 6; 11. And, "where the

6

policy of insurance is against liability . . . and the liability of the insured has been established by judgment, the injured person may maintain an action on the policy of insurance, that is, coverage attaches when liability attaches, regardless of actual loss by the insured at the time, and the coverage inures to the benefit of the party injured." *Hall v. Harleysville Mut. Cas. Co.*, 233 N.C. 339, 340 (1951).

The Court has considered the parties' arguments and determines that plaintiffs have plausibly alleged their UDTP and bad faith claims. Lexington's motion for judgment on the pleadings is therefore denied.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiffs' and receiver's motion to strike [DE 659] is DENIED, plaintiffs' motion to compel [DE 665] is DENIED, and Lexington's motion for judgment on the pleadings [DE 678] is DENIED.

In light of the Court's decision on the motion to compel, it appears that an additional period for discovery is to commence as well as a time for filing additional dispositive motions. *See* [DE 683]. The parties are hereby DIRECTED to file an updated proposed schedule for proceeding in this case within fourteen (14) days of the date of entry of this order.

SO ORDERED, this ___9___ day of March 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

7