IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-451-BO

| | | |
|---|---|---|
| RAYMOND TARLTON, as guardian ad litem for HENRY LEE MCCOLLUM, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | O R D E R |
| LEROY ALLEN, *et al.* | ) ) | |
| Defendants. | ) ) | |
| and | ) ) | |
| JEFFERSON INSURANCE COMPANY, *et al.*, | ) ) | |
| Supplemental Defendants. | ) | |

This cause comes before the Court on Lexington Insurance Company's motion to vacate, in part, the appointment of the receiver or wind down receivership in part. [DE 680]. Plaintiff has responded, Lexington Insurance Company has replied, and a hearing was held before the undersigned on November 5, 2025, at Raleigh, North Carolina. In this posture, the motion is ripe for disposition. For the reasons that follow, the motion is denied.

DISCUSSION

The Court dispenses with a full recitation of the background of this action, as the parties are well-familiar with this case.

In May 2024, the Court appointed a receiver to represent the interest of the judgment-debtors, defendants Snead and Allen, to pursue colorable claims against third parties related to the underlying litigation and insurance-related personal injury claims. [DE 563]. In August 2025, the

Court appointed a co-receiver to assist the receiver in the prosecution of certain claims owned by the judgment-debtors. [DE 685]. Lexington Insurance Company (Lexington) now seeks an order vacating, in part, the Court's appointment of a receiver or, in the alternative, to wind down the receivership in part.[1] Lexington moves only to vacate or wind down the portion of the existing receivership with respect to its authority to bring claims against Lexington. It argues that the Court's appointment of a receiver to pursue claims against it improperly relied on state, rather than federal, law, and that federal law does not support appointment of a receiver under these circumstances.

Plaintiffs oppose Lexington's motion by arguing first that Lexington lacks standing to challenge the appointment of a receiver, next that Lexington's objection is untimely and thus waived, and finally that the appointment of a receiver was not an abuse of discretion.

A "district court has within its equity power the authority to appoint receivers and to administer receiverships." *Gilchrist v. Gen. Elec. Cap. Corp.*, 262 F.3d 295, 302 (4th Cir. 2001). Rule 66 of the Federal Rules of Civil Procedure addresses the appointment of receivers. It provides that the Federal Rules of Civil Procedure

> govern an action in which the appointment of a receiver is sought or a receiver sues or is sued. But the practice in administering an estate by a receiver or a similar court-appointed officer must accord with the historical practice in federal courts or with a local rule. An action in which a receiver has been appointed may be dismissed only by court order.

Fed. R. Civ. P. 66.

---

[1] Though Lexington seeks as alternative relief an order to "wind down" the receivership, such orders typically concern orders "to take steps to accomplish the purposes [of the receivership], such as directing sales or other disposals of [property][.]" *Sec. & Exch. Comm'n v. Barton*, 135 F.4th 206, 223 n.47 (5th Cir. 2025). Lexington does not request the Court to order the receiver to take any steps to "accomplish the purposes of the receivership", *id.* (cleaned up), and thus the Court considers its motion as one which solely seeks vacatur of the appointment of the receivers.

2

"Federal courts considering whether to appoint a receiver generally evaluate factors such as the inadequacy of legal remedies, the debtor's financial condition, the existence of fraudulent conduct, the presence of imminent danger that property will be lost, concealed, or dissipated, and whether appointment of a receiver would effectively protect the moving party's interests." *Xunhui Cheng v. Liu*, No. 4:20-cv-01726-JD, 2026 U.S. Dist. LEXIS 7319, at *14 (D.S.C. Jan. 14, 2026). Receivers can be appointed "in a number of contexts" including "for taking possession of a judgment debtor's property" or when "a judgment creditor . . . has had execution issued and returned unsatisfied[.]" *Netsphere, Inc. v. Baron*, 703 F.3d 296, 306 (5th Cir. 2012).

First, the Court agrees with plaintiffs that Lexington is not the proper party to challenge the appointment of a receiver in this case. Here, a receiver was appointed for the purpose of pursuing the claims of judgment debtors Snead and Allen, including claims against Lexington, which Snead and Allen have expressly declined to pursue. *See* [DE 562] at 4. "Prudential standing encompasses several judicially-created limits on federal jurisdiction," including "the general prohibition on a litigant's raising another person's legal rights[.]" *CGM, LLC v. BellSouth Telcoms., Inc.*, 664 F.3d 46, 52 (4th Cir. 2011). Albeit in an unpublished decision, the Ninth Circuit has considered a challenge to the standing of a third-party to the appointment of a receiver, and concluded that, without a personal stake in the appointment of the receiver, the third-party lacked prudential standing to challenge the appointment of a receiver to control the interests of other entities. *Am. Dev. Corp. v. Strack*, No. 95-55648, 1996 U.S. App. LEXIS 8499, at *8 (9th Cir. Mar. 25, 1996). The North Carolina Court of Appeals is in accord, having determined that "the debtor of a judgment-debtor lacks standing to object to the appointment of a receiver, as the debtor is not the 'party aggrieved' in the underlying action." *Haarhuis v. Cheek*, 261 N.C. App. 358, 362 (2018) (citing *Lone Star Indus., Inc. v. Ready Mixed Concrete, Inc.*, 68 N.C. App. 308, 309 (1984)).

3

But even assuming, without deciding, that Lexington has standing to challenge the appointment of a receiver to pursue claims against it,[2] it has not demonstrated that the appointment of a receiver was an abuse of the Court's discretion. Here, the property at issue are Snead's and Allen's claims or choses in action against third parties, including Lexington, the success of which could be applied to satisfy their debt to plaintiffs. As discussed above, Snead and Allen are not inclined to pursue their claims against third-parties, and thus the property is at risk of being lost, and Snead and Allen are otherwise unable to satisfy plaintiffs' judgments against them. "Receivership may be an appropriate remedy for a judgment creditor who has had execution issued and returned unsatisfied, or who proceeds through supplementary proceedings pursuant to Rule 69." *Morgan Stanley Smith Barney LLC v. Johnson*, 952 F.3d 978, 981 (8th Cir. 2020) (cleaned up) (quoting *Santibanez v. Wier McMahon & Co.*, 105 F.3d 234, 241 (5th Cir. 1997) and citing *Hendricks & Lewis PLLC v. Clinton*, 766 F.3d 991, 999 (9th Cir. 2014)). Rule 66 requires that the appointment of a receiver "accord with the historical practice in federal courts[.]" Fed. R. Civ. P. 66. And "[s]ince very early days, courts of equity have appointed receivers at the request of judgment creditors when execution has been returned unsatisfied." *Pittsburgh Equitable Meter Co. v. Paul C. Loeber & Co.*, 160 F.2d 721, 728 (7th Cir. 1947).

In sum, the Court discerns no abuse of discretion in its decision to appoint a receiver in this case, including to pursue claims against Lexington. Nor does it discern a conflict of interest where the receiver, who is an undisputedly neutral party, has elected to engage counsel for plaintiffs to represent her claims. Lexington's motion is denied.

---

[2] The Court further assumes, without deciding, that Lexington's challenge to the appointment of a receiver is timely and not waived.

4

## CONCLUSION

Accordingly, for the foregoing reasons, Lexington's motion to vacate, in part, the appointment of the receiver [DE 680] is DENIED.

SO ORDERED, this ___9___ day of March 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5