**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

| | |
|---|---|
| J. DUANE GILLIAM, Guardian of the Estate of Leon Brown, RAYMOND C. TARLTON, Guardian Ad Litem for HENRY LEE MCCOLLUM, and KIMBERLY PINCHBECK, Limited Guardian and Conservator of the Estate of Henry Lee McCollum,<br><br>Plaintiffs,<br><br>and<br><br>ELISA SALMON, Court-Appointed Receiver,<br><br>Cross-Claimant against LEXINGTON INSURANCE COMPANY,<br><br>v.<br><br>ROBESON COUNTY, TOWN OF RED SPRINGS, KENNETH SEALEY, both Individually and in his Official Capacity as the Sheriff of Robeson County, LARRY FLOYD, LEROY ALLEN, PAUL CANADAY, Administrator C.T.A. of the Estate of Luther Haggins, ROBERT PRICE, Administrator C.T.A. of the Estate of Joel Garth Locklear, Sr., CHARLOTTE NOEL FOX, Administrator of the Estate of Kenneth Snead,<br><br>Defendants,<br><br>JEFFERSON INSURANCE COMPANY, NATIONAL CASUALTY COMPANY, GENERAL STAR NATIONAL INSURANCE COMPANY, and CLARENDON NATIONAL INSURANCE COMPANY,<br><br>Supplemental Defendants,<br><br>and<br><br>LEXINGTON INSURANCE COMPANY,<br><br>Supplemental Defendant and Cross-Claim Defendant. | **[PROPOSED] CONSENT ORDER APPROVING SETTLEMENT WITH SUPPLEMENTAL DEFENDANT AND CROSS-CLAIM DEFENDANT LEXINGTON INSURANCE COMPANY**<br><br>**Case No. 5:15-CV-00451-BO** |

Pursuant to Local Civil Rule 17.1(b), Plaintiffs Henry Lee McCollum ("McCollum") and Leon Brown ("Brown") (collectively, "Plaintiffs"), through their guardians and undersigned counsel, and Cross-Claimant and Court-Appointed Receiver Elisa Salmon ("Receiver"), through her undersigned counsel, moved this Court for a Consent Order for Approval of Settlement with Supplemental Defendant and Cross-Claim Defendant Lexington Insurance Company ("Lexington"), with the consent of Plaintiffs, through their guardians, Receiver, Lexington, Mr. Allen, and the Estate of Mr. Snead.

NOW, upon the Consent Motion of Plaintiffs and Receiver, the Court finds as follows:

1. Plaintiff Brown was adjudicated incompetent by the Cumberland County Superior Court, State of North Carolina, on September 1, 2015 and was subsequently assigned J. Duane Gilliam as Guardian of his Estate.

2. Raymond Tarlton was appointed as Guardian Ad Litem for Plaintiff McCollum on May 10, 2017. DE 204.

3. The Court added Kimberly Pinchbeck, as Limited Guardian and Conservator of the Estate of Plaintiff McCollum, as a party to this action on April 26, 2018. DE 283.

4. Plaintiffs are represented and are properly before this Court.

5. The Court appointed Elisa Salmon as Receiver of the choses of action of Defendants Leroy Allen and the Estate of Kenneth Snead related to the litigation in this case against Lexington for personal injuries of Defendants Snead and Allen on May 9, 2024. DE 563.

6. Receiver is represented and is properly before this Court.

7. Supplemental Defendant and Cross-Claim Defendant Lexington is represented and is properly before this Court.

8. The Court has jurisdiction over the subject matter and all parties to the settlement agreement.

9. Plaintiffs and Receiver have asserted claims against Lexington for payment of a portion of the Final Judgment (DE 483) in this case.

10. Plaintiffs' and Receiver's undersigned counsel conferred with and explained the terms of the proposed settlement to Plaintiffs' guardians and Receiver, who find that such terms are fair and reasonable and consent to the settlement on behalf of Plaintiffs and Receiver, respectively.

11. The terms of the settlement (the "Proposed Settlement Agreement")—which, for good cause shown, shall remain under seal unless otherwise ordered by the Court—include the following:

a. By or upon the effective date specified in the Proposed Settlement Agreement, Lexington will pay the agreed amount to Plaintiffs;

b. Plaintiffs and Receiver will, upon (i) execution by the parties of the Proposed Settlement Agreement, (ii) approval of the Proposed Settlement Agreement by an order from a court of competent jurisdiction, and (iii) Plaintiffs' receipt of the full payment due from Lexington under the Proposed Settlement Agreement, release Lexington from further claims for payment of the Final Judgment; and

c. After the Proposed Settlement Agreement becomes effective, the parties will file in court all documents needed to dismiss with prejudice all causes of action each has asserted against the other in (i) this case and (ii) *Lexington Insurance Company, et al. v. State of North Carolina, et al.*, Case No. 22-CVS-000646-910, in Wake County Superior Court.

12. Given the uncertainty of any recovery, the possibility of no recovery, and the time it would take to recover, the settlement is a fair and reasonable resolution of the disputes between the parties.

13. The services rendered by the attorneys of Plaintiffs and Receiver have been extensive, both before and after verdict, including but not limited to more than 550 hours before verdict and more than 500 hours since the verdict by attorney Elliot S. Abrams of Cheshire Parker Schneider & Abrams, PLLC. The legal fee to be paid out of this settlement is $1,556,333.84 to Cheshire Parker Schneider & Abrams, PLLC, which amount is fair and reasonable in light of the work performed, the novelty and difficulty of the questions presented, the skill required to perform the necessary legal services, the preclusion of other employment by the lawyer due to acceptance of the case, the customary fee for similar work, the contingency of the fee, the time pressures imposed in the case, the award involved and the results obtained, the experience, reputation, and ability of the lawyer, the nature and length of the professional relationship between the lawyer and the client, and the fee awards made in similar cases. The advanced costs by Cheshire Parker Schneider & Abrams, PLLC approved for reimbursement total $27,791.92. The advanced costs by Hogan Lovells Cadwalader US LLP approved for reimbursement total $401,433.16. The advanced costs by Kimberly A. Pinchbeck, the court-appointed Limited Guardian and Conservator of the Estate of Mr. McCollum, approved for reimbursement total $1,666.65. And the advanced costs by Covington & Burling LLP approved for reimbursement total $33,776.20.

14. The guardians each approve and have requested court approval of this legal fee and payment of these costs incurred.

15. The services rendered by Receiver since her appointment have been extensive, including more than 48 hours of labor. The fee approved to be paid out of this settlement is $29,010.00 to Elisa Salmon, which amount is fair and reasonable in light of the time and labor required; the fair value of such labor; the quantity, nature, and complexity of the services rendered; the degree of activity, integrity, and dispatch with which the receiver conducted her work; the difficulty of the tasks; the amount of money or value under the receivership; and the results obtained. The guardians each approve and request court approval of this fee.

The approved fee for Raymond Tarlton, the court-appointed Guardian Ad Litem for Mr. McCollum, of $9,197.04 is also fair and reasonable in light of the time and labor required (more than 27 hours); the fair value of such labor; the quantity, nature, and complexity of the services rendered; the degree of activity, integrity, and dispatch with which the Guardian conducted his work; the difficulty of the tasks; the amount of money or value he handled; and the results obtained.

The approved fee for Kimberly A. Pinchbeck of $42,952 is also fair and reasonable in light of the time and labor required (approximately 105 hours); the fair value of such labor; the quantity, nature, and complexity of the services rendered; the degree of activity, integrity, and dispatch with which the guardian conducted her work; the difficulty of the tasks; the amount of money or value she handled; and the results obtained.

NOW, UPON THE FOREGOING, IT IS HEREBY ORDERED:

The proposed settlement between Plaintiffs McCollum and Brown, through their guardians, Receiver, and Supplemental Defendant Lexington is hereby APPROVED, and the proposed attorney fee, Receiver fee, GAL fees, and costs reimbursements are hereby APPROVED.

SO ORDERED this the ___ day of _______, 2026.

______________________________
TERRENCE W. BOYLE
United States District Court