**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

J. DUANE GILLIAM, Guardian of the Estate of Leon Brown, RAYMOND C. TARLTON, Guardian Ad Litem for HENRY LEE MCCOLLUM, and KIMBERLY PINCHBECK, Limited Guardian and Conservator of the Estate of Henry Lee McCollum,

Plaintiffs,

and

ELISA SALMON, Court-Appointed Receiver,

Cross-Claimant against LEXINGTON INSURANCE COMPANY,

v.

ROBESON COUNTY, TOWN OF RED SPRINGS, KENNETH SEALEY, both Individually and in his Official Capacity as the Sheriff of Robeson County, LARRY FLOYD, LEROY ALLEN, PAUL CANADAY, Administrator C.T.A. of the Estate of Luther Haggins, ROBERT PRICE, Administrator C.T.A. of the Estate of Joel Garth Locklear, Sr., CHARLOTTE NOEL FOX, Administrator of the Estate of Kenneth Snead,

Defendants,

JEFFERSON INSURANCE COMPANY, NATIONAL CASUALTY COMPANY, GENERAL STAR NATIONAL INSURANCE COMPANY, and CLARENDON NATIONAL INSURANCE COMPANY,

Supplemental Defendants,

and

LEXINGTON INSURANCE COMPANY,

Supplemental Defendant and Cross-Claim Defendant.

**PLAINTIFFS HENRY LEE MCCOLLUM AND LEON BROWN'S AND CROSS-CLAIMANT AND COURT-APPOINTED RECEIVER ELISA SALMON'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO FILE SETTLEMENT WITH SUPPLEMENTAL DEFENDANT AND CROSS-CLAIM DEFENDANT LEXINGTON INSURANCE COMPANY UNDER SEAL OR, IN THE ALTERNATIVE, WITH REDACTIONS**

**Case No. 5:15-CV-00451-BO**

Pursuant to Local Rule 79.2 and Section V(G) of the Electronic Case Filing Administrative Policies and Procedures Manual (the "Policy Manual"), Plaintiffs Henry Lee McCollum and Leon Brown ("Plaintiffs") and Cross-Claimant and Court-Appointed Receiver Elisa Salmon, by and through undersigned counsel and with the consent of all remaining parties, hereby submit this Memorandum of Law in support of their Motion to File Settlement with Supplemental Defendant and Cross-Claim Defendant Lexington Insurance Company ("Lexington"), Under Seal or, in the Alternative, with Redactions.

1. This supplemental proceeding concerns Plaintiffs' and Receiver's claim for insurance coverage and other relief against Lexington for this Court's final judgment issued against Defendants Kenneth Snead and Leroy Allen (DE 483).

2. Plaintiffs and Receiver have reached an agreement in principle to settle with Lexington, and those parties executed a written settlement agreement (the "Settlement Agreement").

3. Accordingly, Plaintiffs and Receiver are simultaneously filing a Consent Motion and Proposed Consent Order Approving Settlement with Lexington, with the Settlement Agreement attached thereto.

4. By the terms of the Settlement Agreement, the terms of the agreement are confidential and not subject to public disclosure. The Settlement Agreement requires the parties to make efforts to file any motion to approve the agreement under seal.

5. In the absence of "a statute, rule, standing order or court order that requires the filing to be sealed," a party seeking to file a document under seal must specify "(i) [t]he exact document or item, or portions thereof, for which the filing under seal is requested; (ii) [h]ow such request to seal overcomes the common law or the First Amendment presumption to access; (iii)

[t]he specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access; (iv) [t]he reasons why alternatives to sealing are inadequate; and (v) [w]hether there is consent to the motion." Policy Manual § V(G)(1)(a)(i)–(v). As detailed below, each of these considerations supports sealing the Settlement Agreement.

6. *First*, Plaintiffs and Receiver have identified the document for which the filing under seal is requested.

7. *Second*, Plaintiffs' and Receiver's limited request to seal a single document, a settlement agreement, overcomes the presumption of public access to certain judicial records. "While the public may in some cases have the right to access court documents, either under the common law and/or the First Amendment to the United States Constitution, that right is not absolute." *Wilson v. Thomas*, 2014 WL 6694140, at *2 (E.D.N.C. Nov. 26, 2014). The presumption of access to settlement agreements between parties "arises under the common law"[1] and "can be rebutted if countervailing interests heavily outweigh the public interests in access." *In re Dollar Gen. Stores FLSA Litig.*, 2011 WL 3703175, at *2 (E.D.N.C. Aug. 23, 2011) (citation omitted). The Court may consider "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *Id.* (citations omitted).

8. The Settlement Agreement includes confidential information regarding the monetary amount of the settlement of Plaintiffs' and Receiver's claims against Lexington. This

[1] The First Amendment does not provide a right of public access to settlement agreements between parties, *see In re Dollar Gen. Stores FLSA Litig.*, 2011 WL 3703175, at *2 (E.D.N.C. Aug. 23, 2011)—but even if it did, any such right of access is overcome by the compelling governmental interest in promoting the fair resolution of commercial disputes by settlement, as detailed below, *see infra* at 3–4.

information is not already publicly available, and the Settlement Agreement was executed by the parties with the expectation that the terms would be kept confidential. There is a significant interest in safeguarding confidential communications between parties in connection with the resolution of commercial disputes, and the presumption of access can be overcome by this countervailing interest if documents contain such information. *See Allscripts Healthcare, LLC v. Etransmedia Tech., Inc.*, 2013 WL 4586517, at *2 (E.D.N.C. Aug. 28, 2013) (granting motion to seal documents containing confidential settlement communications); *Phil. Indem. Ins. Co. v. Cherokee Gives Back Found.*, 2019 WL 5799321, at *1 (E.D.N.C. Nov. 6, 2019) (granting motion to seal documents containing "information exchanged between the parties in a private mediated settlement conference"). Because the Settlement Agreement contains the type of settlement information that this Court has previously found warrants sealing, *see* DE 613 (order sealing Plaintiffs' settlement agreement with General Star National Insurance Company); DE 630 (order sealing Plaintiffs' settlement agreement with Clarendon National Insurance Company); DE 644 (order sealing Plaintiffs' settlement agreement with Jefferson Insurance Company); DE 657 (order sealing Plaintiffs' settlement agreement with National Casualty Company), the Court should permit Plaintiffs and Receiver to file the Settlement Agreement under seal.

9. Moreover, sealing the Settlement Agreement "would not harm the public's general understanding of these proceedings." *See Allscripts Healthcare, LLC*, 2013 WL 4586517, at *2. Plaintiffs and Receiver have been diligent in minimizing materials to be sealed and are requesting here to seal a single document: the Settlement Agreement. There is no "legitimate public need for access" to the proposed-sealed document. But even if such public need were presented, the public will have access to Plaintiffs' and Receiver's public filings related to the Settlement Agreement, including (1) Plaintiffs' and Receiver's Consent Motion and Proposed Consent Order Approving

Settlement with Lexington, (2) Plaintiffs' and Receiver's Motion, Memorandum of Law in Support, and Proposed Order to File Settlement with Lexington Under Seal, and (3) the parties' Stipulation and Proposed Order for Dismissal of Lexington, each of which Plaintiffs and Receiver carefully drafted to exclude confidential settlement information. *See Wilson*, 2014 WL 6694140, at *3. "With the availability of [these filings], the public is not denied access to all the pleadings and a justifiable alternative has been implemented." *Id.* Accordingly, Plaintiffs' and Receiver's limited request to seal overcomes the presumption of public access.

10. *Third*, the specific nature of the proposed-sealed document justifies sealing. As detailed above, the Settlement Agreement contains confidential information regarding Plaintiffs' and Receiver's settlement with Lexington. In addition, sealing the Settlement Agreement would protect the privacy of Plaintiffs McCollum and Brown, both of whom are vulnerable individuals under the care of guardians and who could face unwanted attention or be targeted by scammers if the settlement terms were made public. *See Huff v. Thousandshores, Inc.*, No. 21-CV-02173-HSG, 2022 WL 547109 (N.D. Cal. Jan. 5, 2022) (holding that the privacy interests of a minor under guardianship were sufficiently compelling to seal settlement amount).

11. *Fourth*, there is no adequate alternative to sealing. Alternatives to sealing are often insufficient for documents that contain "confidential business information" or materials "not generally available to the public," such as the Settlement Agreement. *See Silicon Knights, Inc. v. Epic Games, Inc.*, 2008 WL 2019648, at *2 (E.D.N.C. May 8, 2008).

12. However, in the event the Court finds that permanent sealing is not warranted here, Plaintiffs and Receiver request, in the alternative, that the Court permit Plaintiffs and Receiver to file the Settlement Agreement (1) under seal for a limited, two-year period or (2) with the settlement amount redacted. Both of these options are "less drastic alternatives to sealing" that

would still "maintain the secrecy" of the crucial settlement information. *See In re Dollar Gen. Stores*, 2011 WL 3703175, at *3.

13. *Fifth*, the parties to the Settlement Agreement consent to Plaintiffs' and Receiver's Motion to Seal or Redact.

14. Therefore, for the reasons stated above, and pursuant to Local Rule 79.2 and Section V(G) of the Policy Manual, Plaintiffs and Receiver respectfully request that the Court grant their Motion to File Settlement with Supplemental Defendant and Cross-Claim Defendant Lexington Under Seal or, in the Alternative, with Redactions, by entering the Proposed Order attached hereto.

Respectfully submitted, this the 19th day of August, 2026.

*/s/ Elliot S. Abrams*

**CHESHIRE PARKER SCHNEIDER & ABRAMS, PLLC**

ELLIOT ABRAMS (N.C. State Bar No. 42639)
133 Fayetteville Street, Suite 400
Raleigh, North Carolina 27601
Telephone: (919) 833-3114
Email: elliot.abrams@cheshirepark.com

**COVINGTON & BURLING LLP**

SETH TUCKER (stucker@cov.com)
TYLER WEINBLATT (tweinblatt@cov.com)
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-6000

DAVID A. LUTTINGER JR. (dluttinger@cov.com)
ALICIA OLIA (aolia@cov.com)
JOSEPH VANDEGRIFF (jvandegriff@cov.com)
ADIRA LEVINE (alevine@cov.com)
30 Hudson Yards
New York, New York 10001
Telephone: (212) 841-1000

*Attorneys for Plaintiffs and Receiver*